HENRY H. GAGE

v.

THE CITY OF CHICAGO.

*Opinion filed February 18, 1903.*

1. STATUTES—*courts may strike out superfluous words of a statute.* Courts will strike out superfluous words from a statute in order to make the language correspond with the plain intention of the legislature, where a literal reading leads to an absurdity.

2. SPECIAL ASSESSMENTS—*what need not be contained in notice of a public hearing.* The notice of the public hearing provided for in section 7 of the Improvement act, (Laws of 1901, p. 103,) need not, after giving the substance of the board's resolution, contain the statement "if upon such hearing the board shall deem such improvement desirable it shall adopt a resolution therefor," since this clause is not intended for the clerk's notice, but is a direction to the improvement board, and the word "that," which introduces the clause, should be rejected as superfluous.

3. SAME—*what not a substantial variance in description.* If the first resolution for an improvement, the recommendation, the engineer's estimate and the certified copy of the ordinance attached to the petition agree in describing the improvement as curbing, grading and paving the roadway of a certain named street, including curbing, grading and paving the roadway of intersecting streets within the street lines, it is not a substantial variance that the final resolution, the notice of public hearing and the assessment petition describe the improvement generally, as curbing, grading and paving the street named.

4. SAME—*rule concerning waiver of objections to description.* Alleged defects in the description of an improvement, although comprehended within the terms of a general objection, are waived if not presented to the county court; but unless such waiver appears from a bill of exceptions showing what particular defects were urged, it will be presumed that every defect within the general objection was relied upon.

5. SAME—*what does not render description uncertain.* A provision for the use, in making concrete, of broken granite and limestone of a size to pass through rings of a specified diameter is not uncertain, as covering pieces from the size of a grain of sand to those barely passing through the rings.

6. COURTS—*court will take judicial notice of meaning of term "concrete."* The term "concrete," used in connection with the construction of street improvements, is well understood, and courts will take judicial notice of its meaning.

APPEAL from the County Court of Cook county; the Hon. R. H. LOVETT, Judge, presiding.

F. W. BECKER, for appellant.

EDGAR BRONSON TOLMAN, and ROBERT REDFIELD, (CHARLES M. WALKER, of counsel,) for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Appellant filed objections in the county court of Cook county to a special assessment levied upon his property to pay for curbing, grading and paving Kendall street, in the city of Chicago. The county court overruled his objections and entered judgment confirming the assessment.

. The first objection is, that the notice of public hearing given by the board of local improvements was void because it did not conform with the statute and material portions of the matter required to be contained in the notice were omitted. The provision of the statute is as follows: "Said notice shall contain the substance of the resolution adopted by the board and the estimate of the cost of the proposed improvement, and a notification that the extent, nature, kind, character and estimated cost of such proposed improvement may be changed by said board at the public consideration thereof, and that if upon such hearing the board shall deem such improvement desirable, it shall adopt a resolution therefor and prepare and submit an ordinance therefor as hereinafter provided." (Laws of 1901, p. 103.) The notice given contained the substance of the resolution adopted by the board, an estimate of the cost of the proposed improvement, and a notification that the extent, nature, kind, character and estimated cost of such proposed improvement might be changed by said board at the public consideration thereof, but it did not contain a statement

that if, upon the hearing, the board should deem such improvement desirable, it should adopt a resolution therefor and prepare and submit an ordinance therefor, as provided by the statute. It is clear from a reading of the statute that the legislature did not intend that the notice should contain such a statement. If such had been the intention, the words "will adopt" would have been used instead of the words "shall adopt," which would not be grammatically correct as applied to a notice. It is plain that the provision relating to the adoption of a resolution and preparation and submission of an ordinance was intended as a direction to the board in case the improvement should be deemed desirable upon the public hearing, and the word "that" was evidently inserted by mistake. Where a literal reading of a statute leads to an absurdity, plainly not intended, the courts will put such a construction upon the language used as corresponds with the plain meaning and intent of the legislature, and to effect that purpose will strike out words which are clearly superfluous. (Endlich on Interpretation of Statutes, 299; *Loverin* v. *McLaughlin*, 161 Ill. 417.) It would be absurd to notify the property owner that if the board shall deem the improvement desirable it shall adopt a resolution therefor, and the provision constitutes the only direction to the board in case there is no objection to the proposed improvement. To give effect to the legislative intent the word "that" must be stricken out as superfluous. The notice was sufficient.

The next objection is, that there are substantial variations in the description of the proposed improvement. The petition filed in the county court for the levy of the assessment described the improvement as curbing, grading and paving Kendall street, while the ordinance annexed to the petition as a part of it described it as curbing, grading and paving the roadway of Kendall street, including curbing, grading and paving the roadways of all intersecting streets within the street lines. The first

resolution and recommendation corresponded with the ordinance, while the final resolution and notice of public hearing described the improvement generally, as curbing, grading and paving Kendall street. The estimate of the engineer, the recommendation of the board and a certified copy of the ordinance were made a part of the petition filed, and it is clear that they, as well as the resolution and notice, all referred to the same improvement. There was no substantial or material variance.

The final objection is, that the ordinance failed to prescribe the nature, character, locality and description of the improvement, and under this objection the following supposed defects are pointed out: In regard to the concrete for the combined curb and gutter, the ordinance provides for the use of four parts of broken granite of a size to pass through a ring of one inch internal diameter, and as to the paving it provides for seven parts of the best quality of broken limestone, crushed to a size so as to pass through a ring of not less than one inch nor more than one and one-half inches internal diameter, to be incorporated with the mortar. The ordinance also provides for a binder course, composed of broken limestone known as "small concrete" and asphalt cement to a thickness of one and one-half inches. Appellant contends that the ordinance is indefinite in these particulars as well as in the grade of the finished pavement. Appellee insists that we should not hear or consider these objections, because the bill of exceptions does not affirmatively show that they were called to the court's attention in support of the general objection. Of course, we review only rulings of the county court, and although some alleged defect may be comprehended within the terms of the general objection, if it is not presented to the county court it will be deemed to have been waived. If the record does not show that there was any such waiver it will be presumed that everything within the terms of the general objection was presented to and ruled upon by the court.

If it is claimed that some objection was waived by not presenting it to the court, the waiver should be made to appear by the bill of exceptions. If the record does not show what particular defects were alleged under a general objection, it will be presumed that everything within the terms of such objection was relied upon.

The appellant argues that the description of sizes of granite and limestone which would pass through rings of a certain size would cover material from the size of a grain of sand to pieces which would barely pass through the rings, and that, consequently, the description is indefinite. We do not understand that the words "broken granite" or "broken limestone" are synonymous with powdered or ground granite or limestone, or that the words would include particles of the nature of stone dust or sand. The ordinary meaning of the words would include only small pieces or fragments, and the meaning intended is also to be gathered from the context. The small pieces or fragments of granite or limestone are to be used in the making of concrete, and the making and use of concrete for pavements have become so common that the public, generally, are familiar with them. Broken granite or limestone in small pieces which would pass through the rings specified in the ordinance would fulfill its requirements, and the apparent meaning of the ordinance is that such broken pieces shall not be larger than a certain size. It is not necessary that the broken pieces of granite or limestone should be of exactly the same size in order to render the description definite and sufficient. The ordinance provides that the binder course shall be one and one-half inches thick when completed, and shall be composed of broken limestone of a size known as small concrete, and asphalt cement. It is true that generally the word "small" is a comparative term, denoting things of little size as compared with other things of the same class, but in a course of one and one-half inches of concrete and cement the broken pieces would necessarily

be much smaller in dimensions than the thickness of the completed pavement. The term "concrete" is now as well understood as other things used and well known in every-day affairs, and the courts take judicial notice of matters which everybody is presumed to know.

It is also urged that by the terms of the ordinance the surface of the roadway is to be at an established grade before the pavement is placed on it. But such an interpretation seems to us unreasonable and unnatural. As we understand the ordinance the completed pavement is to be at the established grade. We do not regard the ordinance as indefinite or uncertain.

The judgment of the county court is affirmed.

*Judgment affirmed.*