STATE OF NEBRASKA V. BERNARD C. MARTIN.

FILED SEPTEMBER 26, 1910.   No. 16,525.

Arson: EVIDENCE. A tenant who wilfully and maliciously sets fire to and burns a storehouse, the property of his landlord, of which the tenant is in possession, is guilty of the crime of arson as defined in section 54 of the criminal code.

ERROR to the district court for Cedar county: GUY T. GRAVES, JUDGE. *Exceptions allowed.*

*H. E. Burkett* and *T. J. Doyle,* for plaintiff in error.

*R. J. Millard* and *M. F. Harrington, contra.*

LETTON, J.

The defendant was charged by information with the crime of arson in setting fire to and burning one storehouse in the village of Belden, the storehouse being the property of Mrs. C. F. Nelson, and of the value of $50 and more. He was arraigned, pleaded not guilty, and placed upon trial. The testimony of Mrs. Nelson disclosed that she was the owner of the building which was burned at the time of the fire, and that the defendant was occupying the same as her tenant, using the lower story for a jewelry store and the second story as a dwelling, and being the only occupant of the building. The defendant then objected to the introduction of any further evidence for the reason that the building burned was a dwelling-house, and not a storehouse, and because "he being in the use, possession, and occupancy of this property, as he was, was

37

the owner of the property within the meaning of the law of arson." The objection was sustained; to which the state excepted, and upon the motion of the defendant the court directed the jury to return a verdict of not guilty, and the defendant was discharged. From this ruling of the trial court, the state has presented exceptions to this court for review under the provisions of sections 483 and 515, criminal code.

We have not been favored with a brief in support of the ruling of the district court, but are informed that it was based upon the authority of *Holmes Case,* decided in 1634 by the court of King's Bench, 2 Croke (Eng.) 376, 2 East, P. C. (Eng.) 1022, wherein it was held that it was not felony to burn a house whereof one is in possession by virtue of a lease for years, two of the justices saying: "It cannot be said to be *vi et armis;* when it (the house) is in his own possession." At the common law a trespass must accompany the act of setting fire, since the arson was regarded as a crime against the habitation or dwelling-house, and not merely against property. 2 Bishop, New Criminal Law (8th ed.), secs. 8-21; 1 Wharton, Criminal Law (10th ed.), secs. 825-844.

Section 54 of our criminal code is almost identical in language with section 12 of the Ohio act for the punishment of criminals, passed March 7, 1835. In the case of *Allen v. State,* 10 Ohio St. 287, the same contention was made on the part of the defendant, but the supreme court of that state held that the procuring of another to burn a warehouse, the property of a third person, by a person in possession of the warehouse under a lease was an indictable offense under the crimes act. In the opinion the court pointed out the distinction between the statutory crime and arson under the common law, showed that for a tenant to burn a building belonging to another of which he was in possession was a high misdemeanor at common law, and reached the conclusion that the Ohio statute comprehended not only burnings which were arson at common law, but burnings of the other class which con-

stituted a high misdemeanor at common law. Under the well-known principle of statutory construction that, where a statute has been adopted from another state, ordinarily a construction given previous to its adoption by the courts of that state will be followed in the adopting state, we are content to abide by the Ohio rule, believing it to be a proper construction of the statute. *O'Dea v. Washington County,* 3 Neb. 118; *Forrester & Co. v. Kearney Nat. Bank,* 49 Neb. 655; *Morgan v. State,* 51 Neb. 672. Moreover, statutes substantially the same have been considered by the courts of Indiana, New York, Washington, Missouri, and Colorado, and a like view taken. *Garrett v. State,* 109 Ind. 527; *Shepherd v. People,* 19 N. Y. 537; *McClaine v. Territory,* 1 Wash. 345; *State v. Moore,* 61 Mo. 276; *Lipschitz v. People,* 25 Colo. 261.

We are of opinion that the learned district judge erred in sustaining the defendant's motions, and the exceptions of the state are

ALLOWED.