THE STATE, DEFENDANT IN ERROR, v. DAVID LENTZ, PLAINTIFF IN ERROR.

Argued June 4, 1918—Decided November 12, 1918.

A person who sets fire to a building of which he himself is the occupant, although not the owner, cannot be convicted of burning such building under section 124 of the Crimes act, which declares that "Any person who shall wilfully or maliciously burn, or cause to be burned, any barn, stable, or other building of another, not parcel of a dwelling house * * * shall be guilty of a high misdemeanor." The words "of another" are intended to indicate the occupancy not the ownership of the building.

On error to Passaic Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Harry H. Weinberger.*

For the state, *Michael Dunn,* prosecutor of the pleas.

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The grand jury of Passaic county presented an indictment against David Lentz, the plaintiff in error, the fourth count of which charges that on the 11th day of June, in the year 1917, at the city of Passaic, "he did, with force and arms, a certain building of one Louis Goldberg, there situate, feloniously, wilfully and maliciously set fire to and burn, contrary to the form of the statute," &c. At the trial the state abandoned the first three counts of the indictment, and went to the jury on the fourth, with the result that a verdict of guilty was returned against him on the charge therein contained.

The undisputed testimony in the case was that the building which the defendant was charged with having burned was owned by Louis Goldberg; that Goldberg had rented it to the

defendant; and that the latter used the lower floor as a liquor saloon, and was the sole occupant thereof at the time when the burning occurred. The principal question therefore which is presented for consideration by the writ of error is whether, under these facts, the defendant can be legally convicted of burning "a certain building of Louis Goldberg."

The indictment purports to charge the offence struck at by the one hundred and twenty-fourth section of our present Crimes act (*Comp. Stat., p.* 1786) which declares that "Any person who shall wilfully or maliciously burn, or cause to be burned, * * * any barn, stable, or other building of another, not a parcel of a dwelling-house * * * shall be guilty of a high misdemeanor;" and the answer to the question depends upon whether this building which was owned by Goldberg, but which was in the exclusive possession of the defendant, was the building "of another" within the meaning of the statute.

The one hundred and twenty-third section of the act declares that any person who shall wilfully or maliciously burn or cause to be burned the dwelling-house "of another" shall be guilty of arson. The one hundred and twenty-fifth section provides that any person who shall wilfully or maliciously set fire to any of the buildings "of another" which are designated in the one hundred and twenty-third and one hundred and twenty-fourth sections of the act, with intent to burn the same, shall be guilty of a misdemeanor. These three sections appear in the revision of the Crimes act of 1846 (*R. S., p.* 265) and have remained in the statute ever since, practically unaltered. In 1859 the Supreme Court had before it a case which presented the exact question now under discussion. *State* v. *Fish,* 27 *N. J. L.* 323. The indictment in that case charged the defendant with burning the barn of John Dunn, not parcel of a dwelling-house. The proofs showed that the title to the building was in Dunn, but that the defendant was in the exclusive possession of it. The court held that the crime of arson does not depend upon the question of title, but of possession; that is to say, it is a crime committed against the person in the actual and immediate possession of the dwelling-house, without regard to the ownership thereof; and

that therefore a person who sets fire to a dwelling-house of which he himself is the occupant, is not guilty of burning the dwelling-house "of another" within the meaning of section 30 (now section 123) of the Crimes act. The court then pointed out that the third of these sections, which made punishable *an attempt* to burn the dwelling-house of another (as well as attempts to burn buildings not used as dwellings) must also be construed as referring to the possession rather than to the ownership of the building; and considered that as the three sections were substantially parts of one and the same enactment, the words "of another" contained in the present one hundred and twenty-fourth section must be given the same meaning as that attributed to them in the other sections, that is, they must be held to refer to the possession rather than to the ownership of the building. Having reached this conclusion the court suggested that the omission from the statute of any provision punishing a person for willfully and maliciously burning a building of which he was in possession, but the ownership of which was in another, presented a situation which apparently called for action by the legislature.

The opinion was promulgated at the February term, 1859, the legislature then being in session, and almost immediately the present one hundred and twenty-sixth and one hundred and twenty-seventh sections were engrafted upon the statute, and have remained a part thereof ever since, without any change that is material to the question before us. The first of these sections makes any person who shall willfully or maliciously set fire to any building, &c., with intent to defraud an insurance company, whether the building be the property of the offender, or of any other person, guilty of a misdemeanor. The second section declares that any person who shall willfully and maliciously set fire to or burn any dwelling-house, shop, &c., of another, in his (the offender's) possession, with intent to defraud any person whatever, shall also be guilty of a misdemeanor. *Pamph. L.* 1859, *p.* 367.

The correctness of the construction put upon this section of the statute in the case of *State* v. *Fish, supra,* has never

since been challenged, and, after so many years, must be accepted as binding on this court; and this is particularly so in view of the fact that it was immediately acceded to by the legislature as a sound exposition of the law, and action taken by that body upon that theory.

The testimony produced on the part of the state, if believed, shows that the offence of which the defendant was really guilty was that made criminal by the supplement of 1859, namely, the burning of a building owned by another, which was in his own possession, with intent to defraud an insurance company that had issued a policy upon chattels belonging to him and contained in his saloon; and not that set forth in the present one hundred and twenty-fourth section of the Crimes act.

The conviction of the defendant of the offence charged against him in the indictment being entirely unsupported by the proofs in the cause, the judgment under review must be reversed; for it is elementary law that the defendant in a criminal case is entitled to an acquittal unless the proofs submitted satisfy the jury beyond a reasonable doubt that he is guilty of the specific violation of law laid against him by the grand jury in its indictment.