STATE OF NEW JERSEY, DEFENDANT IN ERROR, v.
CHARLES E. MORRIS, PLAINTIFF IN ERROR.

Argued February 20, 1923—Decided June 21, 1923.

1. An indictment for a statutory crime is sufficient if the offence be
   charged in the language of the statute.
2. A motion to quash an indictment, although addressed to the dis-
   cretion of the court, since it precedes the plea of the defendant
   and the trial of the case, cannot be reviewed under section 136
   of the Criminal Procedure act, because that section is confined
   to matters occurring at the trial.
3. When the course of the trial shows that the granting of a bill of
   particulars in a criminal case would not have aided the defence
   made to the charge, the denial of the motion will not justify a
   reversal.
4. The refusal of a demand for a bill of particulars on an indict-
   ment, made prior to the plea and the trial of the case, will not be
   reviewed under section 136 of the Criminal Procedure act, since
   that section is confined to matters occurring at the trial.
5. Under section 137 of the Criminal Procedure act, where the
   plaintiff in error elects to take up the entire record with his
   writ of error, he must specify the causes in the record relied upon
   for relief or reversal with sufficient precision to apprise the
   court and counsel for the state of the injury of which he com-
   plains.
6. Under section 123 of the Crimes act (*Pamph. L.* 1919, *p.* 257),
   the *corpus delicti* consists, first, in the burning of a house de-
   scribed, and secondly, in the fact that a criminal agency was the
   cause of the burning. Evidence, although circumstantial in
   character, tending to show that the burning was willful and
   malicious, and not the result of natural or accidental causes, is
   admissible.
7. Common observers, having special opportunity for observation,
   may testify to their opinions as conclusions of fact, although
   they are not experts, if the subject-matter to which their testi-
   mony relates cannot be reproduced or described to the jury pre-
   cisely as it appeared to the witness at the time, and their opinions
   are such as men in general are capable of forming with reason-
   able correctness on the facts observed.
8. The question of the qualification of an expert witness is one for
   the determination of the trial court, whose finding is not review-
   able if there is any legal evidence to support it.
9. Under section 123 of the Crimes act (*Pamph. L.* 1919, *p.* 257),
   although there must be an actual burning to constitute the
   offence, it is not necessary that the building shall be wholly con-
   sumed, or even seriously injured. If any part, however small,
   is consumed, it is sufficient.

On writ of error to the Camden County Quarter Sessions Court.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE and TRENCHARD.

For the plaintiff in error, *Albert S. Woodruff.*

For the state, *Charles A. Woolverton,* prosecutor of the pleas, and *Albert E. Burling.*

The opinion of the court was delivered by

TRENCHARD, J.   The plaintiff in error was indicted for statutory arson, the indictment being founded on section 123 of the Crimes act, as amended by the act of 1919 (*Pamph. L., p.* 257), which reads as follows:

"Any person who shall willfully or maliciously burn, or cause to be burned, or aid, counsel, procure or consent to the burning of any dwelling-house, whether it be his own or that of another, or any kitchen, shop, barn, stable or other out-house—that is, a parcel thereof, or belonging or adjoining thereto, or any other building, by means whereof a dwelling-house shall be burnt, whether it be his own or that of another, shall be guilty of arson," &c.

The indictment contained three counts.   The first charged that the defendant, at the city of Camden, on the 23d day of July, 1922, "did willfully and maliciously set fire to and burn a certain dwelling-house and shop, situate at No. 1203 Haddon avenue, in the city and county of Camden," &c.   The second count charged that the defendant, at the same time and place, "did willfully and maliciously cause to be set fire and burned a certain dwelling-house and shop, situate at No. 1203 Haddon avenue, in the city and county of Camden," &c.   The third count charged that the defendant, at the same time and place, "did willfully and maliciously aid, counsel, procure and consent to the setting fire and burning a certain dwelling-house and shop situate at No. 1203 Haddon avenue, in the city and county of Camden," &c.

The defendant was convicted on the second count only, and sentence was imposed thereon. He now prosecutes this writ of error and specifies causes for reversal, pursuant to section 136 of the Criminal Procedure act.

The first reason specified for reversal is that the court refused to quash the second and third counts of the indictment on motion for that purpose preceding the plea.

Since the defendant was acquitted upon the third count, it is not preceived how he can now complain of the refusal to quash that count. But, however that may be, it is clear that the motion addressed to both counts was properly denied.

The reason urged was to the effect that the counts were insufficient because indefinite. Not so. They each followed the language of the statute, and the rule is that an indictment for a statutory crime is sufficient if the offence be charged in the language of the statute. *State* v. *Caporale,* 85 *N. J. L.* 495; *State* v. *Brand,* 77 *Id.* 486.

Moreover, a motion to quash an indictment, although addressed to the discretion of the court, since it precedes the plea of the defendant and the trial of the case, cannot be reviewed under section 136 of the Criminal Procedure act, because that section is confined to matters occurring at the trial. *State* v. *Pisaniello,* 88 *N. J. L.* 262.

The next cause for reversal argued is that the defendant was refused a bill of particulars.

But the course of the trial showed that the granting of a bill of particulars would not have aided the defence made to the charge, and hence the denial of the motion will not justify a reversal. *State* v. *Hatfield,* 66 *N. J. L.* 443.

Moreover, the refusal of a demand for a bill of particulars on an indictment, made (as here) prior to the plea. of the defendant and the trial of the case, will not be reviewed under section 136 of the Criminal Procedure act, since that section, as we have pointed out, is confined to matters occurring at the trial.

The next cause for reversal specified and argued is "because, over objection on the part of the accused, the trial court permitted the state to introduce testimony indicating incendiarism but unconnected with the accused."

As a cause for reversal this is insufficient. Under section 137 of the Criminal Procedure act, where, as here, the plaintiff in error elects to take up the entire record with his writ of error, he must specify the causes in the record relied upon for relief or reversal with sufficient precision to apprise the court and counsel for the state of the injury of which he complains. *State* v. *Herron,* 77 *N. J. L.* 523.

But upon examination we find the contention without merit either in law or in fact. Under section 123 of the Crimes act (*Pamph. L.* 1919, *p.* 257), the *corpus delicti* consists, first, in the burning of a house described, and secondly, in the fact that a criminal agency was the cause of the burning. Evidence, although circumstantial in character, tending to show that the burning was willful and malicious, and not the result of natural or accidential causes, is admissible.

The next cause for reversal argued is likewise technically insufficient. It is "because the trial court, over objection, permitted unqualified witnesses for the state to give opinion evidence that articles were saturated with oil and that smoke was smoke from burning kerosene."

But upon examination it has no merit. It was apparently leveled at the testimony of firemen that certain stockings and rags, found by them on the premises immediately after the fire was subdued, were saturated with oil, and as to the character and odor of the smoke that prevailed in the premises while they were fighting the fire. We think the testimony competent. Common observers, having special opportunity for observation, may testify to their opinions as conclusions of fact, although they are not experts, if the subject-matter to which the testimony relates cannot be reproduced or described to the jury precisely as it appeared to the witness at the time, and their opinions are such as men in general are capable of forming with reasonable correctness on the facts observed. *Koccis* v. *State,* 56 *N. J. L.* 44; *State* v. *Laster,* 71 *Id.* 586.

The next point argued is "because the trial court, over objection, permitted the witness Philip Feurstein, although unqualified, to testify as an expert to the value of the stock in the premises where the fire occurred."

This point is not well founded either in law or in fact. The question of the qualification of an expert witness is one for the determination of the trial court, whose finding is not reviewable if there is any legal evidence to support it. *Leonard* v. *Standard Aero Corporation,* 95 *N. J. L.* 235. There was ample evidence justifying the finding of the judge that the witness had such special knowledge or experience as to qualify him to give the opinion evidence in question. Moreover, the testimony as finally adduced from this witness in no way prejudiced the plaintiff in error, for he admitted at the trial an adjustment with the insurance company on a replacement value equal to that given by the expert.

The next point requiring consideration is "because the trial court refused to charge request number six: 'You must acquit the defendant on all three counts of the indictment, the state having failed to prove that a dwelling-house was burnt.' "

This request was incorrect in point of fact. There was abundant evidence from which the jury could, and did, find that the dwelling-house was burnt. The testimony showed that it was a "hot fire," requiring twenty-five minutes to extinguish it. Photographs were admitted in evidence from which the jury could legally determine that the fire had taken hold of the building as distinguished from its contents. Under the statute in question, although there must be an actual burning to constitute the offence, it is not necessary that the building shall be wholly consumed, or even seriously injured. If any part, however small, is consumed, it is sufficient.

We have examined all other causes for reversal argued and find no harmful error.

Other requests to charge were charged so far as they were proper.

The charge as given contained no injurious error.

The verdict cannot be said to be against the weight of the evidence.

We believe the foregoing observations, in effect, dispose of every question raised and argued.

The judgment will be affirmed.