## Commonwealth v. Miller.

(Decided May 2, 1930.)

148

J. W. CAMMACK, Attorney General, and GEO. H. MITCHELL, Assistant Attorney General, for appellant.

JESSE MORGAN for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Reversing.

The appellee was indicted for the offense denounced by section 1167 of the 1930 Edition of Carroll's Kentucky Statutes, she being charged with the willful and malicious burning of her own dwelling house. The court sustained a demurrer to the indictment and then dismissed it. Pursuant to section 337 of the Criminal Code of Practice, the commonwealth has appealed.

The lower court based its action on the theory that it was unconstitutional for the Legislature to prohibit an individual from burning, even though willfully and maliciously, his own house, a position which is untenable and which counsel for the appellee does not seek to uphold in his brief. In the case of State v. Hurd, 51 N. H. 176, a conviction under an indictment charging the defendant with willfully and maliciously burning his own dwelling house was upheld under a statute prohibiting any person from willfully and maliciously burning any dwelling house. In the case of State v. Morris, 98 N. J. Law. 621, 121 A. 290, the statute read:

> "Any person who shall willfully or maliciously burn, or cause to be burned, or aid, counsel, procure or consent to the burning of any dwelling house, whether it be his own or that of another, or any kitchen, shop, barn, stable, or other outhouse, that is a parcel thereof, or belonging or adjoining thereto, or any other building, by means whereof a dwelling house shall be burnt, whether it be his own or that of another, shall be guilty of arson."

A conviction under it was upheld.

In the case of Gamble v. State, 159 Tenn. 446, 19 S.

W. (2d) 279, the following statute was held constitutional:

"Be it enacted by the General Assembly of the State of Tennessee, That Section 4666 of the Code of Tennessee referred to in the caption hereof (being Section 6529 of Shannon's Annotated Code) be and the same is hereby amended so as that the same shall read 'any person who willfully and maliciously sets fire to or burns, causes to be burned, or who aids, counsels or procures the burning of any house or outhouse, or any building, or any other property, of himself or another, is guilty of arson, and shall be punished by confinement in the penitentiary for not less than five nor more than twenty-one years.''

See also State of La. v. Elder, 21 La. Ann. 157; State v. Hayes, 78 Mo. 308.

Appellee, however, insists that the court, though in error as to its reasons, was correct in its holding that chapter 40 of the Acts of 1928, of which section 1167 of the 1930 Edition of Carroll's Kentucky Statutes is a part, is unconstitutional, because: (a) The title to the act is defective and violates section 51 of our Constitution, in that it is not fairly indicative of what the act contains, and (b) the act relates to more than one subject, and for this reason also violates section 51 of the Constitution. That section reads:

"No law enacted by the general assembly shall relate to more than one subject, and that shall be expressed in the title, and no law shall be revised, amended, or the provisions thereof extended or conferred by reference to its title only, but so much thereof as is revised, amended, extended or conferred, shall be re-enacted and published at length.''

The title to chapter 40 of the Acts of 1928 is: "An Act to amend and re-enact subdivision six of Chapter thirty-six, Kentucky Statutes (Carroll's edition, 1922), relating to the crime and punishment of arson.''

The provisions of this act of 1928 cover not only the common-law crime of arson, but also the offenses of burning public buildings, personal property, one's own dwelling, store-houses, and attempts to burn property. In fact, it is a comprehensive act relating to the malicious

and intentional burning of all kinds of property, real or personal. It is insisted that the title to the act is restrictive and means that it is an act to amend only so much of the 1922 Edition of Carroll's Statutes as relates to the common-law offense of arson, and that the proposed amendment is one appropriate to that offense. As a matter of fact, chapter 36 of the 1922 Edition of Carroll's Statutes, and which is entitled, "Crimes and Punishments," has two articles containing subdivision 6, article 3 and article 4. Subdivision 6 of article 4 deals with the subject designated "Contempt," whereas subdivision 6 of article 3 comprises sections 1167 to 1172 of the section numbers in the 1922 Edition of Carroll's Statutes, and which sections bear generally on the offenses of burning all property, real and personal. This subdivision carries a heading of "Arson," given it in the original act; that is chapter 182 of the Acts of 1893. It is therefore very plain that the participial phrase in the title to chapter 40 of the Acts of 1928, reading, "Relating to the crime and punishment of arson," is descriptive of which subdivision 6 of chapter 36 the act intends to amend and serves no other purpose than to identify the particular subdivision 6 which is to be affected. This being true, the title to this act is in effect just the same as it would have been had the title read: "An Act to amend and re-enact Sections 1167, 1168, 1169, 1170, 1171, and 1172 of Carroll's Kentucky Statutes, 1922 Edition." Had the act so read, it is settled that it would have been sufficiently indicative of the body of the act. Jefferson County v. Cole, 204 Ky. 27, 263 S. W. 1114. Therefore the first ground urged in support of the judgment of the court is untenable.

It is next insisted that the act relates to more than one subject. We are unable to agree with counsel in this contention. Sections 1167 to 1172 of the 1922 Edition of Carroll's Statutes deals with the cognate phases of the single subject of the burning of property, real and personal, all of which are legitimately brought together in the one subdivision. The various sections are but various phases of the one general subject dealing with the burning of property. This general subject is single, though its phases are various. Chapter 40 of the Acts of 1928 is in this particular exactly like the sections of the 1922 Edition of the Statutes which it proposes to amend.

In Campbell v. Commonwealth, 229 Ky. 264, 17 S. W. (2d) 227, 63 A. L. R. 932, it was argued that the act there involved violated section 51 of the Constitution because it embraced more than one subject, but we held that the act as a whole concerned only one general subject, namely, lobbying, and that the various provisions of the act were but varying phases of the general subject. In the case of Commonwealth v. Robinson, 192 Ky. 374, 233 S. W. 791, it was contended that the clause in the state prohibition law, declaring it "to be unlawful to drink intoxicating liquor or to be drunk in a public place, was not germane to the title of the act prohibiting the manufacture, sale, transportation, or other disposition of intoxicating liquor." We said:

> "It is clear that the general legislative subject of the act, and the purpose and object of the Legislature in enacting it, was the prohibition of the use of intoxicating liquors for beverage purposes. The statute enacted following the title may include every matter germane to and in furtherance of the general subject expressed in the title. If the provision of the act attempted to be impeached for constitutional invalidity relates to the general subject expressed in the title, is naturally connected with it, and not foreign to it, it is not rendered invalid by section 51 of the Constitution."

We are of opinion that chapter 40 of the Acts of 1928 deals with but one subject, that of burning of property, real and personal, and is not violative of section 51 of the Constitution.

If it be argued that section 1167 of the 1930 Edition of the Statutes states, inter alia, that one who willfully and maliciously sets fire to his own dwelling shall be guilty of arson and on conviction shall be punished as therein set out, and that such an offense is not arson, it is sufficient to say that such objection is completely answered in the case of Singleton v. Commonwealth, 164 Ky. 243, 175 S. W. 372, 374, where the statute creating the offense of operating a motor vehicle of another without his consent designated it grand larceny. It was argued that the statute was unconstitutional as the

offense created was not grand larceny. Speaking to that argument, we said:

"Another assigned objection to the legislation is that it describes the offense as grand larceny when, in fact, it is not grand larceny. It must be conceded that the words 'grand larceny' have no place in this section, and it is difficult to understand why the Legislature should have used these words in connection with the offense created and defined because the offense as described does not include the essential element of grand larceny, which is:

" 'The wrongful and fraudulent taking and carrying away by one person of the personal property of another with the felonious intent to convert it to his (the taker's) use without the consent of the owner.' Bouvier's Law Dictionary, title Larceny.

"The unlawful taking of property without the knowledge or consent of the owner in the manner described in this section is not grand larceny or larceny of any kind, and we have no statute in this state so describing grand larceny. It is therefore perfectly plain that it is not grand larceny to 'unlawfully take, drive or operate a motor vehicle without the consent of the owner.' The Legislature simply created a distinct and new offense and through inadvertence or mistake misnamed it grand larceny. It would have been equally as appropriate to have called it robbery, burglary, or embezzlement. But the insertion of these useless and plainly inappropriate words does not invalidate the statute. It is complete without them. They may be stricken from the section as surplusage without affecting its meaning or departing from the purpose of the Legislature in its enactment. When this may be done it is well settled that useless and inappropriate words, having no relation to the subject-matter of the statute, and evidently inserted through carelessness or mistake, may be disregarded in its construction. Sutherland on Statutory Construction, vol. 2, sec. 383; Endlich on Interpretation of Statutes, sec. 301; Gage v. City of Chicago, 201 Ill. 93, 66 N. E. 374; Paxton & Hershey Irrigating Co. v. Farmers' & Merchants' Irrigation Co., 45 Neb. 884, 64 N. W. 343, 29 L. R. A. 853, 50 Am. St. Rep. 585; Com. v. Grinstead & Tinsley, 108 Ky. 59, 55 S.

W. 720, 21 Ky. Law Rep. 1444; Id., 108 Ky. 59, 57 S. W. 471, 22 Ky. Law Rep. 377; Sams v. Sams, 85 Ky. 396, 3 S. W. 593, 9 Ky. Law Rep. 24; Commonwealth v. Herald Publishing Co., 128 Ky. 424, 108 S. W. 892, 32 Ky. Law Rep. 1293, 16 Ann. Cas. 761. We, therefore, think the words, of grand larceny, should be treated as surplusage, and the section read as if these words were not in it. Thus considering the section, we find no constitutional objection to it. It was competent for the Legislature to make it an offense to, unlawfully and without the knowledge or consent of the owner, take, drive, or operate a motor vehicle, and being competent to create the offense, it was of course competent to describe the penalty for persons committing it.''

It follows that the lower court erred in sustaining a demurrer to the indictment, and its judgment is reversed.