Voss, Plaintiff in error, vs. The State, Defendant in error.

*March 13—April 7, 1931.*

436

*James J. Kerwin* of Milwaukee, for the plaintiff in error.

For the defendant in error there was a brief by *Herman R. Salen,* district attorney of Waukesha county, the *Attorney General,* and *J. E. Messerschmidt,* assistant attorney general, and oral argument by *Mr. Salen* and *Mr. Messerschmidt.*

FAIRCHILD, J.   The first assignment of error relates to the constitutionality of ch. 244 of the Laws of 1929 and this challenge is based upon the right to destroy one's own property.   It does not seem that there can be any question as to the constitutionality of this statute, which reads: "Any person who wilfully and maliciously sets fire to or burns or causes to be burned . . . any dwelling . . . shall be punished," etc.

Society would be without protection in circumstances such as these were it not possible to provide for prevention of wilful and malicious burning of dwellings.   The public has interests which it has a right to preserve by forbidding the malicious destruction of property described in this chapter. Defendant's counsel does not cite any case in which such a statute has been held unconstitutional, and while the attorney general's brief contains a long list of cases in which convictions under similar statutes have been upheld in the courts of last resort of many states, there does not seem to be a suggestion of any doubt as to the constitutionality of the law. *Comm. v. Miller,* 234 Ky. 147, 27 S. W. (2d) 689; *State v. Morris,* 98 N. J. L. 621, 121 Atl. 290; *State v. Duelks,* 97 N. J. L. 44, 116 Atl. 865; *State v. Lentz,* 92 N. J. L. 17, 107 Atl. 791; *Gamble v. State,* 159 Tenn. 446, 19 S. W.

(2d) 279; *Garrett v. State,* 109 Ind. 527, 10 N. E. 570; *Louisiana v. Elder,* 21 La. Ann. 157; *State v. Rohfrischt,* 12 La. Ann. 382; *State v. Hurd,* 51 N. H. 176; *State v. Cohn,* 9 Nev. 179; *State v. Martin,* 87 Neb. 529, 127 N. W. 896; *State v. Moore,* 61 Mo. 276.

The defendant's claim that the two confessions were not competent because they were not voluntarily given is not sustained by the evidence. The trial court found upon ample evidence that they were voluntarily made and obtained without duress, promise, or intimidation.

The question whether confessions are improperly induced is in the first instance for the trial court to determine, and its determination is controlling unless it satisfactorily appears from the record that such ruling was clearly against the evidence. *Hintz v. State,* 125 Wis. 405, 104 N. W. 110; *Tarasinski v. State,* 146 Wis. 508, 513, 131 N. W. 889; *Roszczyniala v. State,* 125 Wis. 414, 104 N. W. 113.

In addition to the ruling admitting the confessions in evidence, the trial court properly instructed the jury with respect thereto. It is quite obvious from the record that the admissions and statements made by the defendant were not procured by force, threat, or fraud, or induced by promise of a reward, and that the will of the defendant at the time was not in any way controlled so that the statements or confessions were not free and voluntary utterances.

Under the third assignment of error it is urged that the sentence is defective because the court fixed a minimum in an indeterminate sentence which was greater than the minimum fixed by statute. The statutes providing for the maximum and minimum sentence are 54.03 and 359.05. Sec. 54.03 reads as follows:

Sec. 54.03. ". . . In imposing the term, the court may fix a term less than the maximum and more than the minimum prescribed by law for the offense. . . ."

These statutes are decisive of the question raised under this assignment.

There seems to be no claim made that upon the facts disclosed Voss was not proven guilty beyond a reasonable doubt, and there being no error in the ruling of the trial court in admitting in evidence the confessions of Voss; and the sentence being lawful, the judgment must be affirmed.

*By the Court.*—Judgment affirmed.