628

## Commonwealth v. Tatalovich

*William A. Schnader*, attorney general, and *John Y. Scott*, deputy attorney general, for Commonwealth.

*Paul M. Barna* and *J. Paul Rupp*, for petitioner.

WICKERSHAM, J., May 4, 1931.—This is a proceeding under section 616 of the Vehicle Code of May 1, 1929, P. L. 905. At a hearing held before a justice of the peace, the petitioner was found guilty of the charge of reckless driving and was fined $25 and costs, which he paid. Thereafter he was cited to appear before a representative of the Commissioner of Motor Vehicles of the State of Pennsylvania on November 13, 1930, and testimony was taken. Thereafter, on December 22, 1930, the petitioner was notified that his privilege to operate motor vehicles was withdrawn and he was ordered to return his operator's license to the department, whereupon he presented his petition to this court, under and in pursuance of section 616 of said code, praying for a hearing to determine whether or not his operator's privileges were legally withdrawn, and praying to reinstate the same.

To this petition the Commonwealth filed an answer admitting the allegations in the first, second, third, fifth, sixth and seventh paragraphs of the petition. To establish the other allegations in the petition testimony was taken, a copy of which was submitted to us when this case was heard before the court in banc.

The questions involved are:

1. Whether the secretary of highways may suspend an operator's license upon one conviction of reckless driving?

2. Whether paragraph 2 of subsection (b) of section 615 of the Vehicle Code of 1929 empowers the secretary of highways to suspend the operator's license of any person who has committed *any* violation of the Vehicle Code of this Commonwealth, however trivial?

Section 1001 of the Vehicle Code of 1929 provides that:

"Reckless driving is unlawful, and, for the purpose of this act, is construed to include the following: (a) Any person who drives any vehicle upon a highway carelessly and willfully, or wantonly disregarding the rights or safety of others, or in a manner so as to endanger any person or property." (P. L. 973.)

The defendant admits that he was guilty of violating this section. It is also admitted in the testimony that this was his first offense; that he was a man of good reputation in his community, and that he has never heretofore been arrested and convicted of reckless driving.

We come now to consider the powers of the secretary of revenue to suspend *indefinitely* the defendant's privilege to operate motor vehicles in this Common-

wealth.. The secretary of revenue contends that he has this authority under section 615 of the Vehicle Code of May 1, 1929, P. L. 939, which reads as follows:

"(a) The secretary may suspend the operator's license . . . of any person, with or without a hearing before the secretary or his representative, and without receiving a record of conviction of such person of crime, whenever the secretary finds upon sufficient evidence: . . .

"2. That such person has been convicted of, or forfeited bail upon, three (3) charges of reckless driving, all within the preceding twelve (12) months. . . .

"(b) The secretary may suspend the operator's license . . . of any person, after a hearing before the secretary or his representative, . . . whenever the secretary finds upon sufficient evidence: . . .

"2. That such person is an habitual reckless or negligent operator of a motor vehicle, or has committed any violation of the motor vehicle laws of this Commonwealth."

There is no evidence that the defendant is a person who is an habitual reckless and negligent operator. He has been convicted only once for reckless driving within the past twelve months; therefore, it is the contention of the petitioner that the secretary is without power to suspend his license.

It is the contention of the Commonwealth that reckless driving is a violation of section 1001 of the Vehicle Code. It is further contended that if the secretary, in his discretion, considers an unquestioned violation of section 1001 of sufficient gravity to warrant the suspension of an operator's license, it is unnecessary for him to justify his action by finding that the licensee is an habitual reckless or negligent operator of motor vehicles; and that paragraph (b) 2 of said section contemplates a suspension of the license for reckless driving as well as for "any violation of the motor vehicle laws of this Commonwealth." We think this contention is not sound and is not justified by any fair interpretation of section 615 of the Vehicle Code.

We think, in order to properly discover the intention of the legislature, we must read all of the paragraphs and subsections of section 615 together and treat them as one section rather than several distinct and separate sections. So considering the section, the secretary may suspend an operator's license, first, if the person is incompetent to operate a motor vehicle, or is afflicted with mental or physical infirmities or disabilities rendering it unsafe for such person to operate a motor vehicle upon the highways; or, second, that such person has been convicted of *three charges* of reckless driving, all within the preceding twelve months; or, third, that such person has been convicted of a misdemeanor, or has forfeited bail, upon such a charge, in the commission of which a motor vehicle was used; or, fourth, that such person has been convicted of manslaughter, resulting from the operation of a motor vehicle; or, fifth, that such person has committed any offense for the conviction of which mandatory revocation of license is provided in this act; or, sixth, that such person is an habitual reckless or negligent operator of a motor vehicle, or has committed any violation of the motor vehicle laws of this Commonwealth; or, seventh, that such person has failed to file a report with the department of a motor vehicle accident, as required by this act.

Whatever the legislature may have said in paragraph (b) 2 of the section, it is very clear that there could be no suspension of the license of an operator of a motor vehicle unless there were three distinct convictions of reckless driving within twelve months. The intention of the legislature was set out in clear and definite language, and once the legislature has set forth its intention concerning reckless driving, we cannot apply any other intention to the legislature in those indefinite and general words, "or has committed any violation of the

motor vehicle laws of this Commonwealth," as found in section 615, paragraph (b) 2.

The secretary may revoke the license for specific crimes or acts mentioned in the section, but reckless driving is distinctly taken care of in subsection (b), paragraph 2, of the section. We cannot assume that the legislature intended to do a vain thing; that it intended in paragraph (a) 2 of the section that a license could not be suspended unless there were three convictions for reckless driving within one year, and in the same section, paragraph (b) 2, that the secretary may revoke or suspend the license of the operator of motor vehicles if convicted once for reckless driving. Such a construction of the act would be in violation of all the well known canons on construction of legislation. In the construction of a statute we must have regard for the object and spirit of the act: City of Philadelphia v. Ridge Avenue Passenger Ry. Co., 102 Pa. 190.

Some light will be thrown upon the meaning of paragraph (b) 2 of said section when we consider paragraph (b) 1, which provides:

"That such person has committed any offense for the conviction of which mandatory revocation of license is provided in this act."

Then follows paragraph (b) 2, which provides:

"That such person is an habitual or negligent operator of a motor vehicle, or has committed any violation of the motor vehicle laws of this Commonwealth."

We think the words "or has committed any violation of the motor vehicle laws of this Commonwealth" were intended to include only offenses of a generic character as those already enumerated in sections (b) 1 and (b) 2: Renick v. Boyd, 99 Pa. 555.

In the Boyd case the provisions of the Act of May 15, 1871, P. L. 268, enabling the owner of realty to sustain an action of replevin to recover timber, lumber, coal or other property severed from the realty, notwithstanding the fact that the title to the land may be in dispute, do not apply to the case of growing crops. The words "other property" employed in said act were intended to include only articles of the same generic character as those already enumerated, such as slate, marble, iron ore, zinc ore, and all other forms of minerals and ores, building-stone and fixtures, and machinery of every description which have been permanently affixed to the realty.

Furthermore, the courts have held from time to time that where there is a specific act or section dealing with a specific crime or act, that any action taken against defendant should be taken under the specific act or section instead of any general section: Com. v. Catania, 13 D. & C. 264.

In the Catania case the defendant was charged with reckless driving, but the evidence showed that the defendant refused to stop when signaled to do so by the officer. The court held that the defendant could not, under such evidence, be convicted of reckless driving. See, also, People v. Aldrich, 191 N. Y. Supp. 899, where it was held that the defendant could not be convicted of reckless driving for a failure to turn to the right when signaled from the rear by one desiring to pass, where such conduct constitutes a distinct offense differently punishable.

We think this statute must be construed so as best to effectuate the intention of the legislature, although such construction may be contrary to the letter; this, as well as all laws, must be executed according to the sense and meaning which they imported at the time of their passage: Umholtz's License, 191 Pa. 177; where the Supreme Court interpreted the Act of May 13, 1887, P. L. 108, relating to licenses to sell liquor. The act made no reference to transfers. Held, where a person to whom a liquor license has been granted dies or removes in the interval between the granting or awarding of the license by the court

and the payment of the license fee, the license may be transferred by the court to another person. The expression "party licensed" in the Act of 1858 means the person to whom the court has awarded the right to have a license. In Small v. Small, 129 Pa. 366, it was held that a single sentence, even though it forms a separate section of a statute, is not to be construed from the context or without regard to its subject matter and the general purpose sought to be accomplished. In the last quoted case it was held that the Married Persons' Property Act of 1887 does not authorize a wife to sue her husband directly and in her own name for the recovery of money received by him from her separate estate. Further held, the language of section 4 of the said act, taken by itself, is perhaps broad enough to include an action by one directly against the other, but the act as a whole cannot fairly be construed as authorizing such an action.

Applying this principle to paragraph (b) 2 of section 615 of the Vehicle Code, we conclude that while the expression "or has committed any violation of the motor vehicle laws of this Commonwealth" is in itself broad enough to authorize the construction placed upon it by the Commonwealth, yet we think that the act as a whole cannot fairly be construed as authorizing such a contention.

"The literal construction of a section in a statute ought not to prevail if it is opposed to the intention of the legislature apparent from the consideration of the whole statute: Rhodes v. Iowa, 170 U. S. 412; Gage v. Chicago, 201 Ill. 93. It is a rule of construction that where the words of a statute are susceptible of two constructions, one of which will lead to an absurdity, the other not, the latter should be adopted, though it be a liberal instead of a literal construction: Lancaster County v. Frey, 128 Pa. 593." Per Henderson, J., in West Virginia P. & P. Co. v. Public Service Commission, 61 Pa. Superior Ct. 555, 570.

Applying this well established and generally understood principle of interpretation to section 615 of the Vehicle Code, we think that where the legislature has provided that a person who has been convicted of "three charges of reckless driving" shall have his license suspended, it would be an absurdity to construe paragraph 2 (b) so as to authorize the secretary to suspend the privilege of operating motor vehicles when a person has been once convicted of reckless driving, for the reason that reckless driving is in violation of section 1001 of the Motor Vehicle Code. The legislature never intended to do such a vain or absurd thing in enacting the Vehicle Code of 1929.

Furthermore, sections 614 and 615 of the act divide the violations of the code into three classes. In the first class are found those violations for which the license is revoked; they are the most serious violations of the Vehicle Code. The second class of violations are not as serious as those of the first class, and these violations are punished by a suspension instead of a revocation of the license, and among these violations we find the reckless driving provision, which clearly requires three convictions within twelve months. The third class, as covered by section 615 (b), is the less serious class and seems to have been prepared for the purpose of dealing with those violations which are not taken care of by any of the other two classes.

For the reasons given, we think the suspension of the defendant's privilege of operating motor vehicles was without authority of law, and that the petitioner was not subject to suspension of his operator's license under the provisions of this act. We direct the secretary of revenue to reinstate the license of said defendant. The costs of these proceedings are to be paid by the plaintiff.

From Homer L. Kreider, Harrisburg, Pa.