TARASINSKI, Plaintiff in error, vs. THE STATE, Defendant in error.

*May 5—June 1, 1911.*

*Criminal law: Homicide: Trying accused both as principal and as accessory: Degrees: Confession by codefendant: Competency: Appeal and error: Review.*

1. An information for murder may charge a defendant in one count as principal and in another as accessory, joining other defendants, and he may be required to plead to both counts and may be tried on both at the same time.

2. Where in an information two persons were jointly charged with murder in the first degree and also charged as accessories to

the same offense, and one was permitted to plead guilty of mur-
der in the third degree, *it seems* there was no error in trying
the other as accessory to the crime in the higher degree; but
if there was error it was immaterial where the conviction was
as principal, not as an accessory.

3. Where a defendant is charged with having, in combination with
others, committed murder, and the evidence tends to prove that
the crime was committed pursuant to such combination, a con-
fession by a co-conspirator, incriminating such defendant, is
not incompetent merely because made while the person confess-
ing was restrained of his liberty and in response to questions
by the officers having him in charge and not in the presence of
any one to protect him from being unduly influenced.

4. Where such a confession was clearly influenced by fear, favor, or
the promise of reward it is not admissible; but where there are
reasonable conflicting inferences in that regard, the evidence
may be admitted, leaving it to the jury to draw the proper in-
ference and to give heed to or reject the confession accordingly.

5. The ruling of the trial court on the competency of such evidence
is not to be disturbed unless manifestly wrong.

6. Admission as against one conspirator of a confession made by
another after the fact and not in the presence of and assented
to by the former, was not in this case a prejudicial error, es-
pecially since there was no assignment of error on that ground.

ERROR to review a judgment of the municipal court of Mil-
waukee county: A. C. BRAZEE, Judge. *Affirmed.*

Plaintiff in error was informed against as a principal and
also as an accessory in the murder of Dominic Gapinski,
which occurred in Milwaukee county, Wisconsin, April 3,
1908.

Three others were informed against as guilty jointly with
the accused. One was allowed to plead guilty of the offense
of murder in the second degree and another of the offense of
murder in the third degree. Thereafter on issue joined by
pleas of not guilty plaintiff in error and a fourth defendant
were tried in due form and convicted of murder in the second
degree. Sentences were pronounced and judgments rendered
accordingly, the questions suggested in the opinion being sev-
erally saved for review on writ of error to this court.

*W. J. Kershaw,* for the plaintiff in error.

For the defendant in error there was a brief by the *Attorney General* and *Winfred C. Zabel,* district attorney, and oral argument by *Mr. Zabel.*

MARSHALL, J.    This cause is one of highest importance, as all capital cases are.    Nevertheless, unlike most of such cases, the questions presented for decision are very few and quite simple.    They are not such as call for any extended discussion or for giving in detail a history of the homicide in order to show precisely how such questions arose.    A mere statement of such questions will sufficiently suggest the particular phases of the controversy to which they apply.    That course seems advisable, thus rendering a brief opinion adequate for the case.

Is it proper under the Code of Procedure to charge a person in one count in an information of having been the principal in the commission of a homicidal offense, and in a second of having been an accessory, joining others, supposed to have been participants in committing such offense, require such person to plead to both counts, try him upon the issue raised by a plea of not guilty as to each charge, and submit the cause to the jury on both issues?

Counsel for plaintiff in error seems to mainly rely on maintaining the negative of the stated proposition.    It is not new. It is ruled in the affirmative by *Miller v. State,* 25 Wis. 384, 386, which seems to have been overlooked by counsel on both sides.    We cannot do better than, with slight changes, quote from the opinion in that case treating the precise point before us:

"It was allowable to insert several counts in the indictment, solely for the purpose of meeting the evidence as it might transpire on the trial.    But the charges all related essentially to the same transaction, to the same killing; and whether it should appear that the defendant gave the mortal blow or voluntarily aided and abetted . . . in giving it was not material, since, if" the accused "was found guilty upon either

·count, it would be sufficient to support the indictment.    But ·
it was proper to insert these different counts to meet every
possible state of the evidence adduced; and the defendant
could not have been prejudiced by the refusal of the court to
·compel the prosecuting officer to elect on which count he would
proceed.    It is very clear that the offense with which the de-
fendant was charged was the murder of" Dominic Gapinski,
·"and none other.    And there is as little ground for saying
that the court erred in receiving evidence against the defend-
:ant generally, upon" both "counts in the indictment.    For,
as already observed," both "counts charged only one crime;
and whether the evidence showed the defendant was the prin-
·cipal perpetrator, or voluntarily aided . . . in giving the
mortal blow, is immaterial, since in either case it would, in
law, be the murder of each."

Thus this court in response to the letter of the Code, sec.
2829, Stats. (1898), and in harmony with the dominating
·spirit of the reformed procedure, turned from the technical
rules which formerly interfered with the administration of
justice and which still prejudicially influence or dominate
some jurisdictions as sufficiently appears by authorities upon
which counsel for plaintiff in error relies.    It is refreshing
to thus turn to decisions made here more than forty years ago
·and observe the high appreciation the court then had of the
system which justifies as well as demands domination of the
practical and substantial regardless of the technical and in-
consequential.    It was in pretty close connection with the
·decision quoted from that the court most significantly digni-
fied the statute and the liberal spirit of the Code, by charac-
terizing the particular provision as "a beneficent statute."
*Decker v. Trilling,* 24 Wis. 610.

Where two persons are jointly informed against as having
committed the offense of murder in the first degree and also
as having been accessories to the same offense in such degree,
and one is permitted to plead guilty of having committed the
offense in the third degree, may the other properly be tried as
an accessory as to the crime in a higher degree?

It is not perceived how the plea of guilty, in such circum-

stances as stated, could logically foreclose the state from establishing by evidence guilt of a higher degree as to the codefendant. No authority, elementary or otherwise, is cited to sustain the contrary. Moreover, the accused in this case was not convicted as an accessory. That phase of the case dropped out in the result. Therefore, it seems, the objection that the accused should not have been tried as an accessory in a higher degree than the third is beside the case. Since it was proper to try him as accessory and principal at the same time, each offense being separately charged, and the conviction was as principal, whether the trial, technically, should have been for being an accessory in the third degree, if an accessory at all, is immaterial. Logically, it seems the assignment of error at this point should have been for trying the accused, under the circumstances, of any homicidal offense greater than that of murder in the third degree. But if such were the assignment it would meet the same fate for there is no good reason, it is considered, why the plea of guilty in one degree by one chargeable with another of a homicidal offense should preclude establishing by evidence guilt of such other in a higher degree.

A person being charged, in combination, with others of having committed a homicidal offense and evidence having been produced on his trial, tending to prove that the offense was committed pursuant to such combination, is evidence competent, incriminating such person, of a confession by a co-conspirator while restrained of his liberty, made in response to questions put to him by an officer having him in charge and not in the presence of any one to protect him from being unduly influenced?

The proposition stated, in general, fits a phase of the trial in question so far as the undisputed evidence goes. All other evidence of undue influence going to show that the incriminating disclosures were not freely and voluntarily made was controverted, so what the real facts were was a jury question.

Obviously, the mere fact that the confession was made during an examination by the officer while the confessor was at somewhat of a disadvantage, in that he had no advisor or disinterested person at hand, assuming that the officer and his associates were prejudiced in the matter, did not render the confession necessarily inadmissible. On this branch the question presented was whether, under the circumstances, it was fair to believe the confession was made freely and voluntarily. If there was room in the evidence for the jury to come to that conclusion, it was proper to admit the evidence. That is elementary. True, if a confession is clearly induced by fear, favor, or the promise of reward evidence of it is not admissible. It is not incompetent merely because there is room for a reasonable conclusion that it was so induced. If there are reasonable conflicting inferences in that regard from all the circumstances, that being a judicial question, the evidence is competent, leaving it to the jury to give heed thereto or reject it in their deliberations according as they may find the proper inference. Thus it will be readily seen, as in the field of competency ordinarily, there is a wide field for operation of judgment on the primary question. Moreover, that is a question of fact. So, as has often been said, the determination of it by a trial court is not disturbable unless manifestly wrong. *Roszczyniala v. State,* 125 Wis. 414, 104 N. W. 113. We are unable to conclude that the determination was wrong in this case. The mere fact that the confession was elicited in an examination by the officer while he had the accused person in confinement and under the circumstances indicated, is not conclusive that it was not freely and voluntarily given. As the court has before said, a confession may be voluntary and not be volunteered. A confession need not be offered in order to be freely and voluntarily given and render evidence of it competent. In any case, if, under all the circumstances, there are reasonable inferences as to whether the confession was secured for a consideration of some kind—

given, promised, or reasonably expected—because of the conduct of those obtaining the disclosures—induced thereby or given under such compulsion that the confessor was not a free agent in the matter, but gave the confession under duress and the trial judge so concludes he may properly let the evidence go to the jury. Without going into details as to the circumstances of the confession in question it seems that there was no such clear error, if error at all, in deciding the question of competency as to warrant sustaining the assignment of error.

No question seems to be raised as to the time of the confession, in that it was after consummation of the conspiracy. Of course, where two or more persons concert together to commit an offense and commit it pursuant thereto, a confession by one after the fact, not in presence of and assented to, actually or impliedly, by the other, is not admissible against him if properly objected to. *Miller v. State,* 139 Wis. 57, 88, 119 N. W. 850. However, there are circumstances in this case rendering admission of the evidence of the incriminating confession nonprejudicial under that rule, especially since no assignment of error is made which reaches the subject or is discussed in the brief of counsel.

The further claim is made that the verdict is contrary to the evidence. On this it seems the jury might reasonably have come to the conclusion complained of, which is sufficient for the point in favor of the state, even if it were thought that they might reasonably have come to a different conclusion.

*By the Court.*—The judgment is affirmed.