415 P.2d 145

**Carl G. DEIKE, Administrator of the Estate of William Langkal, Jr., Appellant,**

v.

**The GREAT ATLANTIC & PACIFIC TEA COMPANY, a foreign corporation, Appellee.**

**No. 1 CA–CIV 166.**

Court of Appeals of Arizona.

June 7, 1966.

Rehearing Denied July 1, 1966.

Review Denied Sept. 27, 1966.

Ralph H. Knight, Phoenix, for appellant.

Gibbons, Kinney & Tipton, by Jack C. Warner, Phoenix, for appellee.

STEVENS, Chief Judge.

This is an appeal by defendant, Administrator of the estate of William Langkal, Jr., from an adverse judgment in an action for recovery of sums asserted in a creditor's claim. Plaintiff's creditor's claim was based upon a conversion of monies occurring when deceased, Langkal, in concert with two other individuals, allegedly committed an armed robbery of certain of plaintiff's employees in Seattle, Washington. Plaintiff alleged that none of the monies taken in the robbery were recovered

and sought to recover the entire loss, $5,-843.04, from decedent's estate.

From the facts material to the determination of this case it appears that Langkal died by his own hand while incarcerated in the Scottsdale, Arizona, jail on or about 6 February 1962. The defendant-appellant, decedent's landlord, petitioned for and obtained Letters of Administration for decedent's estate, said Letters being issued 15 May 1962. The plaintiff-appellee filed its creditor's claim in August, 1962, the claim was rejected by the appellant and this suit followed.

On 27 November 1964, the case was tried to the court sitting without a jury. During the trial it was established through answers to written interrogatories that the night manager and his assistant of an Atlantic and Pacific Grocery store in Seattle, Washington, were robbed of the store receipts during the evening of 18 November 1961; that decedent, under the alias of Guy Steven Bentley, lived near Seattle, Washington, with a woman and two other men, identified as Paul Boyle and Martin Lang, during a period of time which was before and after the alleged robbery; and that the Volkswagen sedan deceased was driving at the time of his arrest in Phoenix, Arizona, was the same Volkswagen sedan registered in the State of Washington to Guy Steven Bentley. Over timely objection of appellant's attorney, the statement of one William Donald Jansen was offered in evidence as proof of the decedent's participation in the conversion of the appellee's money. This statement by Jansen was made on 7 February 1962 to detective Everett Mullen of the Seattle Washington Police Department while Jansen was in the custody of the Chicago, Illinois, police. The statement relates to a purported robbery of personnel of an "A & P Store" on 18 November 1961 in Seattle, Washington. Jansen stating that he, along with William Langkal and James Fred Andrews committed the robbery and that he lived with Langkal in a rented house near Seattle, Washington, under the alias of Paul

John Boyle. At the time the offer was made, appellant's counsel objected on the basis of hearsay and the trial court took the matter under advisement. On 1 December 1964, the court entered its judgment in favor of appellee. Appellant's motion to vacate judgment or in the alternative for a new trial on the basis that the court erred in the admission of evidence and that the judgment was not justified by the evidence was denied and this appeal followed.

■ Viewing the evidence in the strongest manner in favor of the appellee, the only evidence presented during the trial which would connect the deceased with the Seattle robbery was the statement by Jansen. The record is silent upon the court's ruling concerning its admissibility, however, in view of the trial court's judgment, this Court must assume Jansen's statement was admitted and considered.

The sole question presented on appeal is whether the trial judge properly admitted in evidence in a civil action an extra-judicial statement of a third party, which statement implicates the deceased in a crime.

In the present case the substance, not the fact of the statement, had materiality. The statement was introduced to prove the truth of the words therein. Appellee urges that Jansen's statement was properly admitted as a declaration against interest.

A declaration against interest is a well recognized exception to the hearsay rule but there is a considerable difference of opinion as to the scope of the exception. Historically and in the majority of jurisdictions today relevant declarations of a deceased, or unavailable third persons, are admissible when such declarations concern a matter which was against the pecuniary or proprietary interest of the declarant at the time made. Some jurisdictions and authorities further require that the declaration must concern a fact personally cognizable by the declarant and that the circumstances surrounding the declaration must render it improbable that a motive to falsify existed. Straughan v. Asher, *372*

S.W.2d 489 (Mo.App.1963). See: 31A C.J.S. Evidence §§ 217–222; Udall, Arizona Law of Evidence § 175.

■■ This hearsay exception requires, like most of the other exceptions, a necessity for resorting to hearsay. 5 Wigmore, Evidence 3rd Ed. § 1455. Death, of course, is the clearest case of unavailability necessitating the admissibility of hearsay evidence. The older cases limited the unavailability to death, and dictum in the only Arizona case involving this exception is to this effect. Estate of Sorrells, 58 Ariz. 25, 37, 117 Pac.2d 96 (1941). On principle, it would seem equally clear that other forms of unavailability should satisfy the necessity principle for this exception. According to some jurisdictions if the declarant was deceased, insane, suffering from severe illness, absent from the jurisdiction, or otherwise unavailable as a witness, such unavailability provided a necessity for the admission of the evidence. People v. Spriggs, 60 Cal.2d 868, 36 Cal.Rptr. 841, 389 P.2d 377 (1964). See: Wigmore § 1456. Clearly, the necessity for resorting to hearsay is just as great when the declarant is outside the jurisdiction as when he is dead.

The record shows that Jansen, at the time of the trial, was incarcerated in the Washington State Penitentiary at Walla Walla for murder. It further appears that Jansen refused to answer written interrogatories submitted by plaintiff and cross-interrogatories submitted by the defendant concerning his purported statement. Appellee urges these circumstances established a necessity for resorting to hearsay.

■ If the other requirements of the exception are satisfied, we are of the opinion that Jansen's absence from this jurisdiction is sufficient to qualify the statement as a declaration against interest and thus to justify its admission in evidence.

■■ The fundamental rationale of the admission of a declaration against interest, on the part of a third person, is that under the particular circumstances the statement is trustworthy, that is, that safeguards reasonably equivalent to an oath and the test of cross-examination exists. Wigmore § 1457. According to Wigmore in § 1457:

"The basis of the Exception is the principle of experience that a statement asserting a fact distinctly against one's interest is unlikely to be deliberately false or heedlessly incorrect, and is thus sufficiently sanctioned, though oath and cross-examinations are wanting."

This requirement has been termed a "circumstantial probability of trustworthiness" by Wigmore. Courts have been almost unanimous in stating that only a pecuniary or proprietary interest in the declarant will suffice for this exception. While the rule has been vigorously criticized (Wigmore, §§ 1476, 1477; McCormick, Evidence 549–553; Model Code of Evidence, Rule 509; Uniform Rules of Evidence, Rule 63 (10); Homes, J., dissenting in Donnelly v. United States, 228 U.S. 243, 277, 33 S.Ct. 449, 57 L.Ed. 820.), hearsay declarations against penal interest are not admissible in the majority of jurisdictions. On principle, the exception for declarations against interest would admit declarations contrary to any kind of interest of sufficient importance to a declarant to promote his telling the truth. Penal interest is certainly as important to a person as pecuniary or proprietary interest and would appear to be an equal stimuli to telling the truth or a deterrent to false statements. Moreover, as Justice Traynor stated in Spriggs:

"* * * since the conviction of a crime ordinarily entails economic loss, the traditional concept of a 'pecuniary interest' could logically include one's 'penal interest'. (Compare the theory that admits a third person's confession of a crime on the ground that the crime was also a tort, thus subjecting the declarant to civil liability for damages, a pecuniary interest.) (citing cases and authorities)."

While the prevailing rule limits admissibility to declarations against pecuniary or proprietary interest we subscribe to the holdings in a minority of jurisdictions, that

a declaration against penal interest is no less trustworthy.

However, in the present case we are unable to find suffficient circumstantial probability of trustworthiness surrounding Jansen's declaration to justify its admission in evidence as a declaration against interest.

We are not presented with the case of a criminal accused or civil defendant attempting to introduce a third party's declaration to exonerate himself. Weber v. Chicago, R. I. & P. Ry. Co., 175 Iowa 358, 151 N.W. 852, L.R.A.1918A, 626 (1915); Sutter v. Easterly, 354 Mo. 282, 189 S.W.2d 284, 162 A.L.R. 437 (1945); Neely v. Kansas City Public Service Co., 241 Mo.App. 1244, 252 S.W.2d 88 (1952). Nor is the statement attempted to be introduced to the prejudice of the declarant or declarant's interest. Plaintiff offered Jansen's declaration as proof of the appellant's civil liability. This Court has been unable to find authority for the proposition, argued by appellee, that a third party's declaration criminally implicating another person is admissible against that other person in a civil action as a declaration against interest.

 As stated above, the basis for this exception to the hearsay rule is the guaranty of trustworthiness surrounding a statement which is against the declarants pecuniary, proprietary or penal interest. Such a statement, however, has a guaranty of trustworthiness only insofar as the truth-telling stimulus of the declarant is operative; that is only insofar as the statement or portions of the statement, is against the declarant's interest. See: McCormick, § 256. Here there is no showing that that part of Jansen's statement implicating Langkal in the Seattle robbery was in fact against the declarant's interest— pecuniary, proprietary, penal or otherwise. There is no showing that Jansen felt any compelling obligation as to the truthfulness of his implication of Langkal. This Court can only speculate upon the inducements or reasons which prompted Jansen to make the declaration. Further, there is no other evidence in the record which would lend credence to Jansen's statement as it relates to Langkal. Nor do we believe that the portion of Jansen's declaration which implicated Langkal can be considered a collateral matter. See: Wigmore § 1465.

We are of the opinion that the circumstances surrounding that portion of Jansen's statement which implicated Langkal do not afford those safeguards as to trustworthiness which are in any way reasonably equivalent to those which appellant would have had if Jansen had been under oath and subject to cross-examination. The statement by Jansen was hearsay in relation to this action against Langkal's estate and should have been excluded by the trial court.

Judgment reversed.

CAMERON and DONOFRIO, JJ., concur.