465 P.2d 366

**Carl KONOW and Georgia Konow, his wife, Appellants,**

v.

**SOUTHERN PACIFIC COMPANY and Francis Jacob Carter, Appellees.**

**No. 9814.**

Supreme Court of Arizona, In Banc.

Feb. 18, 1970.

Hughes, Hughes & Conlan, by Coit I. Hughes, Phoenix, for appellants.

Evans, Kitchel & Jenckes, by Robert R. Mills, Phoenix, for appellees.

HAYS, Justice.

In an action brought by Carl and Georgia Konow, the Southern Pacific Company and its employee, Francis Jacob Carter, were charged with the negligent operation of a railroad locomotive and damages were sought for personal injuries sustained by Mrs. Konow as a result of the collision between the defendant's locomotive and the automobile in which the plaintiff was a passenger.

A jury verdict was returned in favor of the defendants; it is from that verdict that the plaintiffs appeal. For the reasons stated below, we reverse.

The facts of the case are as follows: On the late afternoon of April 5, 1965, Georgia Konow was a passenger in an automobile driven by her daughter, Carla Hegi. The Hegi auto was traveling west on Buckeye Road, a two-lane surfaced highway, which runs in a general east-westerly direction between Phoenix and Buckeye, Arizona. At the intersection of S. 41st Avenue and Buckeye Road in Phoenix, there is a railroad spur track which crosses Buckeye Road in a north-south direction.

The crossing is guarded from the east by a highway department yellow and black warning sign, a RR Xing painted on the surface of the highway, the standard RR crossbucks and two sets of automatic signals, each equipped with the familiar flashing lights and bell. One set of the automatic signals is located on the northeast corner of the crossing and the other is placed at the west side of the tracks, on the south side of the highway. Each signal is equipped with flashing lights visible from both the east and the west, so that when activated by an approaching train which is not yet into the crossing, there are visible from either direction two sets of flashing lights, one located on either side of the highway.

At about 6:30 p. m. a switch engine owned and operated by the Southern Pacific Company approached Buckeye Road from the north and was headed in a southerly direction at a speed of about ten miles per hour. The defendant's employees testified that the speed was reduced to between 3 and 5 miles per hour before proceeding into the crossing. According to the testimony of Carla Hegi, substantiated by the testimony of plaintiff's accident reconstruction expert, the Hegi auto was traveling at a rate of between 36 and 40 miles per hour just prior to the time that Mrs. Hegi put her car into an emergency skid to avoid the collision. The vehicles came together near the center line of the highway; the Hegi auto striking the engine on the left side, a few feet back from the front of the locomotive.

This case basically involves a dispute over the sufficiency of the warning given by the operators of the locomotive to approaching motorists. It is a fair summation of the testimony to say that the plaintiff and her witnesses generally testified that the automatic warning signals at the crossing were not operational prior to the collision, while the defendant's witnesses testified uniformly to the contrary. In addition, plaintiff sought to prove that the statutory warning devices required to be sounded from the locomotive were not sounded at the distances from the crossing prescribed by the legislature; the plaintiff contends that a failure to comply with the statute is negligence per se.

Error is assigned to the trial court's instruction on the statutory duty of operators of locomotives to sound bells, horns or sirens when approaching a traveled public crossing. It is asserted that the court's instruction neither adequately nor correctly advised the jury of the statutory law in Arizona. Additional error is assigned on the issue of the trial court's admission into evidence of certain testimony by the investigating police officers who testified as to statements made to them by Carla Hegi in the course of their investigation. This testimony was received over the objection of plaintiff's counsel.

I. The operation of railroads is regulated by statute in Arizona. With regard to certain activities of the railroads, the legislature has established minimum standards of duty and care. Title 40, Chapter 4, Article 3 of the Revised Statutes, entitled Safety, deals not only with standards of care for the protection of the health and safety of employees of the railroads, but includes therein standards of operation which are directed toward the protection of the traveling public as well. The particular section which concerned the trial court in this lawsuit is A.R.S. § 40–854. The section is set forth as follows:

"*Failure to Warn at Public Crossing; Penalty.*

A person in charge of a railroad locomotive who before crossing any traveled public way omits to cause the bell to ring or a whistle, siren or other sounding device to sound at a distance of at least eighty rods from a crossing and until it is reached, is guilty of a misdemeanor."

According to the testimony of the fireman and engineer who were operating the locomotive that afternoon, the audible warning devices were not sounded at the statutory distance. It was their own testimony that the engine bell was activated by the engineer at a distance of about 750 feet from the crossing and the whistle was sounded by the fireman when the engine was approximately 100 feet back from the intersection. There is no dispute in the evidence that the statutory requirement of warning being commenced at a distance of at least eighty rods (or 1320 feet) was violated.

This Court stated in the case of Davis v. Boggs, 22 Ariz. 497, 199 P. 116 (1921), that the duty imposed by this section, though phrased in terms of the "*person* in charge of a railroad locomotive," extends equally to the company as well as

to the engineer. It is equally well settled in this state that this statute prescribes a minimum standard of care, failure to observe which is negligence as a matter of law. See Canion v. Southern Pacific Company, 52 Ariz. 245, 80 P.2d 397 (1938); and Southern Pacific Railroad Co. v. Mitchell, 80 Ariz. 50, 292 P.2d 827 (1956).

Basing their position on the quoted statute and the above stated rule of law, the plaintiff submitted the following requested instruction:

"PLAINTIFF'S REQUESTED INSTRUCTION NO. 14.

It is provided by the laws of this state that: 'A person in charge of a railroad locomotive who before crossing any traveled public way omits to cause the bell to ring or a whistle, siren or other sounding device to sound at a distance of at least eighty rods from the crossing and until it is reached, is guilty of a misdemeanor.'

Should you find that the defendant violated the above law, the defendant would be negligent as a matter of law and you should not debate that issue further, but should then consider the issue of whether that negligence was a proximate cause of plaintiff's injury."

■ The trial court refused to instruct the jury as requested and instead substituted the following objected to instruction:

"COURT'S INSTRUCTION NO. 1.

A person in charge of a railroad locomotive before crossing any highway shall cause either the bell to ring or a whistle, siren or other warning device to sound *at such distance from the crossing as to give persons using the highway sufficient notice of the approach of the locomotive to enable them to avoid a collision therewith,* and the ringing of the bell or the sounding of another device shall continue until the locomotive reaches the crossing. A failure to give such warning would be negligence as a matter of law and it

would then be necessary to consider whether that negligence was a proximate cause of plaintiff's injury." (Emphasis added.)

Clearly, in the absence of statute, the standard of conduct in the ordinary case is that of reasonableness and due care under the circumstances. When the legislature has exercised its power and prerogative to regulate conduct in the interest of the health, safety and general welfare of the citizenry, such regulation becomes the standard of minimum care which shall be controlling.

■ The plaintiff was entitled to an instruction which fully and correctly stated the statute and the standard which it established. We are compelled to reverse and remand.

II. Because we are remanding this case for retrial, we feel that it is incumbent upon this Court to address itself to the question raised on the issue of the hearsay evidence.

The testimony objected to was elicited by the defense on the cross-examination of two police officers. The substance of the officers' testimony as pertains to their out-of-court conversations with Carla Hegi, the driver of the automobile, was that (1) she was not wearing her glasses at the time of the accident, (2) that the sun was setting at the time and was making it difficult to see, and (3) she had been distracted by some activity of the children in the back seat of the car, and it was when she looked around suddenly she saw a switch engine in front of her and was unable to stop in time to avoid the collision.

Timely objection was raised and argued by plaintiff's counsel, who objected to the entire line of examination on the ground of "hearsay." There is no question but that this presents an example of "classic hearsay," that is an out-of-court statement, offered in-court for the truth of the matter related therein. The issue before the trial court was whether these out-of-court statements, though hearsay, were nonethe-

**390**

less admissible under one of the recognized exceptions to the rule.

A reading of the transcript leaves some doubt as to which of the recognized hearsay exceptions argued to the court by counsel were applied.

■ Defendants urge that Carla Hegi's statements are admissible as the admissions of a party opponent because she and her husband were named as co-defendants in the complaint and there is nothing to indicate their dismissal from the case. There is no need for us to meet this point, for we can reasonably assume it will be obviated. We believe there should be compliance with Arizona Rule of Civil Procedure 41(a), subd. 2, 16 A.R.S. when one or more of multiple parties have been dismissed from an action.

■ Another exception is raised by defendants; they contend that the statements are "declarations against interest." One of the prime requisites for this exception is missing, i. e. the unavailability of the person making the statement. See Udall, Arizona Law of Evidence, § 175 and Deikle v. Great Atlantic and Pacific Tea Co., 3 Ariz.App. 430, 415 P.2d 145 (1966). Carla Hegi was available and subsequently took the stand.

The last exception raised is that of the excited utterance or spontaneous exclamation, sometimes called res gestae. The guidance we leave for the trial court on retrial is a quotation from Pickwick Stages Corp. v. Williams, 36 Ariz. 520, 287 P. 440 (1930):

"The reasons assigned by the courts for admitting declarations or exclamations as a part of the res gestae are fairly uniform. The difficulty is in determining whether the circumstances under which the utterance was made bring it within the reason of the rule. It is apparent that the particular circumstances of each case, rather than precedents, should guide the courts in the application of the rule. Logically, therefore, the question as to whether a given

statement or declaration falls within and forms a part of the *res gestae* should be left to the determination of the trial court." 36 Ariz. at 527, 287 P. at 443.

This cause is reversed and remanded for a new trial.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.