STATE, Respondent, v. SHARLOW, Appellant.*

*No. State 151. Submitted under sec. (Rule) 251.54 October 31, 1973.—Decided December 10, 1973.*
(Also reported in 212 N. W. 2d 591.)

---

[5] *See Powers v. Allstate Ins. Co.* (1960), 10 Wis. 2d 78, 102 N. W. 2d 393.

* Motion for rehearing denied, without costs, on February 5, 1974.

For the appellant the cause was submitted on the brief of *Neal P. Nettesheim* and *Love, Brown & Nettesheim* of Waukesha.

For the respondent the cause was submitted on the brief of *Robert W. Warren,* attorney general, and *Christine M. Wiseman,* assistant attorney general.

ROBERT W. HANSEN, J. A declaration is against the penal interest of a declarant where the fact asserted in such declaration subjects such declarant to criminal liability.[3]

Courts divide as to whether such statement against penal interest, if hearsay in nature, is admissible in evidence either to inculpate or exculpate a defendant in a criminal trial. A defendant may, of course, exculpate himself by proving, if he can, that someone with whom he was not connected, committed the crime with which he was charged. But a majority of jurisdictions hold that he cannot do so by hearsay.[4] Such jurisdictions hold that the extrajudicial declarations of a person other than the accused, tending to show that such other person committed the crime, if hearsay in nature, are not competent or admissible evidence.[5] Such jurisdictions generally

---

[3] *See:* ALI Model Code of Evidence, Rule 509, p. 255.

[4] *See:* 29 Am. Jur. 2d, *Evidence,* p. 592, sec. 541, stating:

"The general rule followed by most of the authorities on the subject is that a confession by a third person that he committed the crime which the defendant is charged with having committed . . . is not admissible as substantive evidence tending to exculpate the accused unless it constitutes a part of the res gestae. The reason given by the courts for excluding such evidence is that it is hearsay. . . ."

[5] *See:* 22A C. J. S., *Criminal Law,* pp. 1189, 1190, sec. 783, stating:

"As a general rule where several persons are charged with the same offense, as codefendants or conspirators, the acts or declarations of one of them, while they may be admissible in his own behalf, are not competent in favor of another, unless they are so closely connected with the actual commission of the crime as to constitute a part of the res gestae. . . . So, the declaration of one of two codefendants that he and not the other committed the offense with which both are charged is not admissible in favor of the other." [Cases cited.]

admit into evidence declarations against interest in which the interest militated against is financial or pecuniary in nature, but hold inadmissible into evidence a statement or declaration of a third person against such person's penal interest.[6]

This majority holding as to statements against penal interest being inadmissible as hearsay has been challenged as unsound,[7] and a number of jurisdictions have held that statements by a third person exculpating or exonerating an accused, when voluntary and even if against the penal interest of the declarant and made out of the presence of the accused, are properly admitted into evidence.[8] The rationale of the minority point of view

[6] *See:* 22A C. J. S., *Criminal Law,* p. 1116, sec. 749, stating: "In jurisdictions where the rule that declarations against interest are admissible in evidence is limited to those instances in which the interest militated against is either of a pecuniary or a proprietary nature, as discussed in *Evidence,* sec. 219, a declaration or statement of a third person against his penal interest only has been held not admissible against accused to inculpate him. . . ." [Cases cited.] As to such statements, exculpatory in nature, *see: Donnelly v. United States* (1913), 228 U. S. 243, 33 Sup. Ct. 449, 57 L. Ed. 820.

[7] *Id.* at page 1116, stating: "Other authority, however, has held the limitation of the rule to be unsound, and the admissibility of a statement by a third person exculpating or exonerating accused, when voluntary and against the penal interest of the declarant and made out of the presence of accused, has been recognized." [Cases cited.] *See also:* McCormick, *Evidence* (2d ed.), pp. 673–675, sec. 278; 5 Wigmore, *Evidence,* pp. 281–290, secs. 1476, 1477.

[8] *See: People v. Lettrich* (1952), 413 Ill. 172, 108 N. E. 2d 488; *Brady v. State* (1961), 226 Md. 422, 174 Atl. 2d 167; *Deike v. Great Atlantic & Pacific Tea Co.* (1966), 3 Ariz. App. 430, 415 Pac. 2d 145; *State v. Leong* (1970), 51 Hawaii 581, 465 Pac. 2d 560; *People v. Brown* (1970), 26 N. Y. 2d 88, 257 N. E. 2d 16; *State v. Larsen* (1966), 91 Idaho 42, 415 Pac. 2d 685; *Sutter v. Easterly* (1945), 354 Mo. 282, 189 S. W. 2d 284. *See also: Chambers v. Mississippi* (1973), 410 U. S. 284, 93 Sup. Ct. 1038, 35 L. Ed. 2d 297, holding that, under given circumstances, exclusion of testimony critical to defendant's defense may constitute a denial of due process.

was adopted by the drafters of the ALI Model Code of Evidence in proposed Rule 509,[9] the accompanying comment making clear that the proposal "differs from the generally accepted law" as to admissibility of hearsay statements against penal interest.[10]

In Wisconsin, under the new Wisconsin Rules of Evidence,[11] patterned after the ALI Model Code of Evidence, it is clear that declarations against penal interest are to be admissible into evidence as exceptions to the hearsay rule.[12] As this court noted in *State v. Johnson* last month, "These rules are effective January 1, 1974, and apply to actions then pending or commenced thereafter."[13] As to whether declarations against penal interest were admissible as exceptions to the hearsay rule, prior to the effective date of the new rules of evidence, the *Johnson Case* makes clear that they were not. On the precise point involved in the appeal before us, the *Johnson Case* controls, holding: "Our conclusion, therefore,

[9] ALI Model Code of Evidence, Rule 509, p. 255.

[10] *Id.* at page 255, stating: "*a. Comparison with existing law.* The Rule differs from the generally accepted law in several important respects. The great majority of decisions admit only declarations against pecuniary or proprietary interest. They definitely reject declarations against penal interest. . . ."

[11] Ch. 908, Stats., Wisconsin Rules of Evidence (effective January 1, 1974).

[12] Sec. 908.045 (4), Wisconsin Rules of Evidence (effective January 1, 1974), 59 Wis. 2d R308 (1973), providing: "STATEMENT AGAINST INTEREST. A statement which was at the time of its making so far contrary to the declarant's pecuniary or proprietary interest, or so far tended to subject him to civil or criminal liability or to render invalid a claim by him against another or to make him an object of hatred, ridicule or disgrace, that a reasonable man in his position would not have made the statement unless he believed it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborated."

[13] *State v. Johnson* (1973), 60 Wis. 2d 334, 339, 210 N. W. 2d 735.

is that the hearsay statements . . . are inadmissible since the hearsay exception does not apply prior to January 1, 1974, to declarations against penal interest." [14] It follows that the trial judge properly applied the law of this state to the facts of this case when he held inadmissible the proffered hearsay testimony of Sharon Henne and James McNeal as to statements against penal interest made by Thomas Blanchette.

The state contends that the excluded testimony would not have been admissible, even under the new Wisconsin Rules of Evidence, because of the statutory requirement therein contained that a statement exposing the declarant to criminal liability and tending to exculpate the accused must be corroborated. [15] A similar requirement of corroboration is contained in the new Federal Rule covering the same subject and using the same language. [16] The requirement of corroboration does appear to be a compromise between complete exclusion and automatic admissibility of hearsay statements against penal interest. [17]

[14] *Id.* at page 339. Also stating at pages 339, 340: "As to declarations against penal interest, the state is correct in its position that the former rule in Wisconsin has been limited to declarations against pecuniary or proprietary interest. . . ." *See also: Truelsch v. Miller* (1925), 186 Wis. 239, 202 N. W. 352; *Meyer v. Mutual Service Casualty Ins. Co.* (1961), 13 Wis. 2d 156, 108 N. W. 2d 278; *Tarasinski v. State* (1911), 146 Wis. 508, 131 N. W. 889.

[15] Sec. 908.045 (4), provides: ". . . A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborated." *See also:* Judicial Council Committee's note to sub. (4), stating: ". . . Excluded from 'statements against interest' are statements of a declarant tending to expose him to criminal liability and offered to exculpate the accused, unless the declarant's statement is corroborated." Wisconsin Rules of Evidence, 59 Wis. 2d R318.

[16] Federal Rule 804 (b) (4), *Rules of Evidence for United States Courts and Magistrates,* 56 F. R. D. 183, 321.

[17] Advisory Committee's note, *Rules of Evidence for United States Courts and Magistrates,* 56 F. R. D., at page 327, states:

However, where the new rule, requiring corroboration before statements against penal interest may be admitted into evidence, is not yet effective, we see neither reason nor right to determine what corroboration entails or requires. This case must be decided upon the basis of what the law is now and has been, not on the basis of what it will become on January 1, 1974.

Additionally, the state contends that the statements to the girl in the apartment and to the cellmate in the jail are not to be characterized as "exculpatory" statements. The reference is to the fact that the defendant was charged and convicted as a party to a crime of first-degree murder. In this state, by statute, anyone who intentionally aids and abets or is a party to a conspiracy to commit a crime is guilty as a principal.[18] Conviction as a party to the crime would not rest, in the case before us, on the question of who pulled the trigger. Believing the testimony of the washroom conversation about "getting" the victim, the trips to get the gun, the driving off in defendant's car with the victim in the front seat, the shots and disposal of the body, all three in the car— the driver and the two in the back seat—could be found guilty as parties to the crime of first-degree murder.

"... The refusal of the common law to concede the adequacy of a penal interest was no doubt indefensible in logic . . . but one senses in the decisions a distrust of evidence of confessions by third persons offered to exculpate the accused arising from suspicions of fabrication either of the fact of the making of the confession or in its contents, enhanced in either instance by the required unavailability of the declarant. Nevertheless, an increasing amount of decisional law recognizes exposure to punishment for crime as a sufficient stake. . . . The requirement of corroboration is included in the rule in order to effect an accommodation between these competing considerations. . . ."

[18] Sec. 939.05, Stats. *See: State v. Cydzik* (1973), 60 Wis. 2d 683, 211 N. W. 2d 421, as to sufficiency of evidence to sustain conviction for first-degree murder, party to a crime.

However, holding that the statements against penal interest were properly excluded under the hearsay rule makes it unnecessary to consider or determine whether such hearsay statements were in fact completely exculpatory. The defendant here was properly convicted of the crime of murder in the first degree, party to the crime.

*By the Court.*—Judgment affirmed.