582

435 P.2d 492

**George Z. ROGERS and Sadie S. Rogers, his wife, Appellants,**

v.

**Nina HOUSE, a widow, Appellee.**

**No. 2 CA–CIV 307.**

Court of Appeals of Arizona.

Dec. 29, 1967.

Rehearing Denied Jan. 24, 1968.

Review Denied Feb. 27, 1968.

Johnson, Darrow, D'Antonio, Hayes & Morales, by John G. Stompoly, Tucson, for appellants.

Moore, Vlahovich & Greenwood, by Daniel E. Moore, Bisbee, for appellee.

HATHAWAY, Chief Judge.

Nina House, a widow, brought a quiet title action against certain defendants, including George and Sadie Rogers, husband and wife, to clear title to three mining claims located in Cochise County. She alleged ownership in fee simple and also claimed adverse possession under the three-year, the five-year and the ten-year statutes. The Rogers filed a counterclaim against Mrs. House and a cross-claim against other defendants claiming title by ten years of uninterrupted adverse possession. The cause, tried to the court sitting without a jury, was determined in favor of Mrs. House and judgment was entered accordingly after defendants' objections to proposed findings and conclusions were overruled.

The Rogers present the following questions for review. Did the trial court err in its findings of fact:

1. Reciting that the plaintiff paid taxes on the disputed property, since the payment of taxes is irrelevant to the defendants' claim of adverse possession under A.R.S. § 12–526?

2. That the defendant wrote a letter acknowledging the plaintiff's title to the disputed property, since the property is not identified in the letter as the same property involved in the litigation, and further, there is no evidence of agency between the author of the letter and the defendant?

3. That the defendants' mining activity occurred on property east of the property involved in the litigation since there is no evidence to support such finding?

4. Against defendants on their claim of adverse possession, since the uncontroverted evidence showed that the defendants' possession of the property was open, notorious, continuous, visible, and hostile for a period in excess of ten years prior to the commencement of litigation involved herein?

FIRST AND SECOND QUESTIONS

■ The first question and the portion of the second question relating to the ad-

mission of the letter in evidence was not preserved for review because no objection was made during trial to the evidence attacked on appeal, Salt River Valley Water Users' Association v. Berry, 31 Ariz. 39, 250 P. 356 (1926) and Pickwick Stages Corp. v. Williams, 36 Ariz. 520, 287 P. 440 (1930). The appellants reply that these two cases, cited by appellee, involved jury trials and only hold that the lack of an objection amounts to a waiver in a jury trial. They cite no authority that the rule is not the same in a cause tried to the court and we assume they have been unable to find such authority. We believe that the appellants are foreclosed from raising on appeal questions relating to admission of evidence not objected to whether trial is to the court or to a jury. This rule has been followed in trials to the court in Velasco v. Mallory, 5 Ariz.App. 406, 427 P.2d 540 (1967); Murillo v. Hernandez, 79 Ariz. 1, 281 P.2d 786 (1955); Leigh v. Swartz, 74 Ariz. 108, 245 P.2d 262 (1952).

Appellants contend that the trial court "obviously * * * thought that Defendants' failure to pay taxes defeated their claim of adverse possession." It would appear rather that the court was not laboring under any misapprehension of the law but deemed the finding material under the count in the complaint that Mrs. House had held the property and paid the taxes thereon pursuant to A.R.S. § 12–526.

## THIRD AND FOURTH QUESTIONS

In reviewing the trial court's findings, we are of the opinion that the key to the final disposition made in the cause by the trial court lies in finding of fact IV attacked by appellants:

"* * * that the mining activity, emplacements and improvements claimed by the defendants to be upon the property herein involved actually laid to the East of the East boundary line of the claims in issue, to wit: outside these claims, and that this same situation existed in 1950 when McGuire returned to the claims in question to locate boundaries for one of

the Plaintiff's lessees, Toll. The court also finds that there has been no mining activity by the Defendants on the property in dispute within the ten (10) years immediately preceding the filing of this action."

Appellants impugn, as unreliable, Mr. McGuire's survey and testimony that the defendants' mining activities took place on property to the east of the property in dispute and maintain that the trial court erred in basing its finding thereon, citing Blaine v. Blaine, 63 Ariz. 100, 159 P.2d 786 (1945). In *Blaine* the husband, a party defendant in a divorce action, testified that he did not intend to vest any interest in his wife to property that he had acquired five years previously. The reviewing court held that this testimony was not reasonable in view of the overwhelming evidence to the contrary, including the recorded deed which had been taken in the name of both parties. We find no such disparity in the instant record.

McGuire, a registered civil engineer, testified that in 1946 he made a survey of the claims at the plaintiff's request. The plaintiff gave him a legal description and went on to the claims with him. A fence was situated along the highway approximately one quarter of a mile south of the claims. Contradictory to the defendants' contentions that the claims were enclosed by a fence and locked gate, McGuire testified that there were no locked gates and that he went on and off the property without hinderance. In 1950, he took parties who were interested in leasing the claims onto the premises. They went through the gate and he showed them stakes he had previously placed on the east boundary of the property. McGuire was shown a photograph of certain posts which the defendants thought were on the claims. He testified that he had first seen those posts in 1946 and that they were at that time located to the east of the claims. He also testified to mining activities and improvements which he had observed to the east of the claims during his visits.

■ We find other references in the testimony showing that the activities apparently relied upon by Rogers to prove adverse possession, did not take place on the claims in question. We conclude that the judgment is substantially supported in the evidence.

■ The answer to the appellants' fourth question presented for review is necessarily included in our disposition of the third question. If the appellants' activities, upon which they stake their claim of adverse possession, did not occur on the property in dispute, it matters not that the activities might otherwise be sufficient to establish an adverse claim.

The judgment is affirmed.

MOLLOY, and KRUCKER, JJ., concur.