520 P.2d 536

In the Matter of the Petition for Recovery of Escheated Property of Jan LAGUNO-WICZ, also known as John Lugan, Deceased.

The Honorable Geraldine C. SWIFT, Estate Tax Commissioner of the State of Arizona, Appellant,

v.

John B. MARRON, Administrator of the Estate of Anna Domininko Lagunovich, Appellee.

No. I CA–CIV 2063.

Court of Appeals of Arizona, Division 1, Department A.

March 26, 1974.

Gary K. Nelson, Atty. Gen. by Mary Z. Chandler and Ian A. MacPherson, Asst. Attys. Gen., Phoenix, for appellant.

Gorodezky, Marron & Diamond by Robert A. Budoff, Phoenix, for appellee.

## OPINION

DONOFRIO, Presiding Judge.

This case involves whether an alien has established a legal claim for an inheritance from the estate of an Arizona relative which escheated to the State because of no known heirs.

John Lugan died on August 9, 1939 in Coconino County, State of Arizona, leaving an estate of $2,233.94. The administrators of the estate were unable to find any heirs of John Lugan and thus an order was entered on November 14, 1966 escheating the assets of the decedent to the State of Arizona. Appellee caused to be filed in the State of Arizona the probate of the estate of Anna Domininko Lagunovich, who was the sister and sole heir of John Lugan. She died in 1941 in Varena District, Lithovania, S.S.R., without a will,

leaving seven individuals as heirs. At the time of the probate of John Lugan's estate in Coconino County the sister had no notice as to the institution or pendency of those proceedings. In 1968 appellee filed suit to recover the escheated property of John Lugan for the benefit of the heirs.

The trial court found that the appellee was entitled to judgment, ordering that the escheated proceeds be paid over to the administrator of the estate of Anna Domininko Lagunovich.

The basic contentions of the appellant-Estate Tax Commissioner of the State of Arizona are, 1) the appellee has failed to sustain the burden of proving that the Russian claimants, on whose behalf the action was brought, are the heirs of the decedent, and 2) the alien heirs did not prove the reciprocity requirements of A.R.S. § 14–212(C) which says:

"C. An alien eligible to citizenship may take and hold real or personal property in this state by devise or descent from an alien or citizen in the same manner that a citizen of the United States takes and holds real of personal property by devise or descent in the country of which the alien is a citizen."

As to the first claim, we note that the sole evidence consisted of Russian documents and accompanying translations. Appellant has urged that because the evidence is in purely documentary form this Court may make its own determination as to the sufficiency of these documents. Although this argument has considerable merit, it has limited applicability. De Santis v. Dixon, 72 Ariz. 345, 236 P.2d 38 (1951), Cf. State Farm Mutual Automobile Insurance Company v. Long, 16 Ariz.App. 222, 492 P.2d 718 (1972) point out that even though the appellate court is not bound by findings of fact of the trial court which are based solely on documentary evidence, it should not disturb the findings of the trial court if they are based on reasonable inferences drawn from the documentary evidence. We find that the trial court's

findings establishing the necessary family relationship is reasonably supported by the evidence.

 Furthermore, it is a rule that failure to object to the admissibility of evidence at the trial level precludes review at the appeal stage. Rogers v. House, 6 Ariz.App. 582, 435 P.2d 492 (1967). Examination of the minute entries reveals that no objection was made by appellant to the documentary exhibits admitted into evidence. Where it is not apparent from the record (we have no transcript in this case) that the trial court committed any error, this Court is compelled to assume that there was evidence sufficient to support the judgment. Phoenix Finance Co. v. Culley, 7 Ariz.App. 393, 439 P.2d 840 (1968). In this case we must assume that no objection was made.

 Assuming, however, that we do have the power to make findings of fact because the evidence is solely in documentary form, there still is sufficient evidence to uphold the judgment. Exhibit No. 9, which is an affidavit of a daughter of Anna Lagunovich, indicates that Anna Lagunovich was the sole heir of her brother's estate and that Anna Lagunovich's sole heirs are her seven sons and daughters. Thus, appellant's claim as to appellee's failure to sustain his burden of proving the necessary relationship between decedent and heirs cannot be sustained in light of appellant's failure to object to the admittance of the documentary evidence and a reading of the contents of those exhibits.

Appellant's second claim challenges appellee's failure to present evidence or law at trial to the effect that reciprocity for inheritance purposes existed at the time of decedent's death in 1939. This contention is essentially two-pronged. First, the discussion labeled "Affidavit" submitted by appellee to the trial judge after trial written by an expert in Soviet law, Professor Harold J. Berman of the Harvard Law School, concluding that reciprocity existed with regard to inheritance rights was in effect a trial by affidavit. Appellant claims by allowing such affidavit into evidence there was a failure to comply with Rules 44(d) and 44(e) of the Arizona Rules of Civil Procedure, 16 A.R.S., and that she was denied the right to cross-examine the "expert witness". Secondly, the appellee's trial memorandum stated that the Soviet Union had reciprocity with the United States since 1945, but that decedent died in 1939 and therefore inadequate proof exists to establish reciprocity.

We disagree as to these contentions, based on 44(e).1 of the Rules of Civil Procedure which reads in part:

". . . The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under Rule 43. The court's determination shall be treated as a ruling on a question of law."

 The State Bar Committee note following this rule points out that it is the same rule as Federal Rule 44.1 and that Rules 44(d) and (e) dealing with the same subject matter of determination of law of a foreign country are repealed to the extent that they conflict with Rule 44(e).1. Resorting to the notes of the Advisory Committee following Federal Rule of Civil Procedure 44.1, 28 U.S.C.A. 43 to 51, insight is gained as to the significance of Arizona Rule 44(e).1. It is said there, in part:

". . . In all events the ordinary rules of evidence are often inapposite to the problem of determining foreign law and have in the past prevented examination of material which could have provided a proper basis for determination. The new rule permits consideration by the court of any relevant material, including testimony, without regard to its admissibility under Rule 43.

". . . In further recognition of the peculiar nature of the issue of foreign

law, the new rule provides that in determining this law the court is not limited by material presented by the parties; it may engage in its own research and consider any material thus found. . . ."

Furthermore,

". . . The court's determination of an issue of foreign law is to be treated as a ruling on a question of 'law', not 'fact,' . . ."

Thus, it is immaterial whether the affidavit was improperly admitted or considered because of the lack of cross-examination, and whether appellant's memorandum was insufficient to establish reciprocity. The trial judge can determine what the foreign law is and decide accordingly based on all relevant material without regard to admissibility. The trial judge having found for appellee, it must be assumed that the necessary reciprocity existed. Once the question of reciprocity has been determined by the trial judge through the judgment, the burden has been sustained. Theoretically it appears that the trial judge is capable of meeting the burden of proving reciprocity for the petitioner-appellee by conducting his own research of the issue and finding in behalf of the petitioner.

As long as the petitioner properly pleads his case, under Rule 44(e).1 the court is at liberty to consider any relevant material whether or not it is admissible under Rule 43 or submitted by a party. Thus, the court was free to consider the affidavit of Professor Berman and any other relevant material. Having decided in favor of appellee, there can be no question as to whether appellee sustained his burden of proof. It is moot at this point. The only issue that can be questioned is whether the trial judge properly decided the question of law, i. e., reciprocity. In this case we agree with his judgment.

The matter is therefore affirmed.

OGG and STEVENS, JJ., concur.