NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

BODEGA LATINA CORPORATION, *Petitioner Employer*,

SAFETY NATIONAL CASUALTY CO, *Petitioner Insurance Carrier*,

*v.*

THE INDUSTRIAL COMMISSION OF ARIZONA, *Respondent,*

ADELA ZUBIATE, *Respondent Employee*.

No. 1 CA-IC 23-0001
FILED 10-17-2023

Special Action - Industrial Commission
ICA Claim No. 20210530703
Carrier Claim No. 036-001238
The Honorable Jeanne Steiner, Administrative Law Judge

**AWARD SET ASIDE**

COUNSEL

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Stephen C. Baker
*Counsel for Petitioner Employer and Insurance Carrier*

Industrial Commission of Arizona, Phoenix
By Gaetano J. Testini
*Counsel for Respondent*

Rios Law Firm, PLLC, Phoenix
By Crystal Rios Ramos
*Counsel for Respondent Employee*

_____

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge James B. Morse Jr., and Judge Cynthia J. Bailey joined.

_____

**F U R U Y A**, Judge:

¶1        Employer Bodega Latina Corporation and its insurance carrier Safety National Casualty Co. appeal an award entered by an Industrial Commission of Arizona ("ICA") Administrative Law Judge ("ALJ") in favor of employee Adela Zubiate. For the reasons explained below, we set aside the award.

## FACTS AND PROCEDURAL HISTORY

¶2        We consider the evidence in the light most favorable to sustaining the award. *Snyder v. Indus. Comm'n*, 96 Ariz. 81, 83 (1964). In January 2021, Adela Zubiate worked in a bakery for her employer, Bodega. She had a history of low back injuries in 2017, 2018, and 2020, and chronic low back pain. According to her supervisor, Zubiate often complained of low back pain at work.

¶3        On January 7, 2021, Zubiate reported to her employer she had hurt her back at work several days earlier. No other worker observed this injury. That same day she went to urgent care, where she reported she had injured her back lifting boxes at work. The urgent care physician, Dr. Jacquelyn Island, noted Zubiate had a "lumbar strain" and prescribed pain medications, cold/heat therapy, and physical therapy. Dr. Island also recommended a modified work schedule (half days) with restrictions that included no lifting over 10 pounds, no bending, and no twisting at the waist. Zubiate continued to work full-time until one day in March, when she went to the emergency room due to back pain and an inability to move her left leg. She had lower back surgery three months later.

¶4        In the meantime, Zubiate filed a workers' compensation claim in February 2021. Bodega and Safety denied the claim, and Zubiate protested. At the hearing that followed, the ALJ heard testimony from Dr. David Jackson, an orthopedic spine surgeon who performed the June 2021 surgery on Zubiate, and Dr. Lyle Young, a spinal surgeon who conducted an independent medical examination of Zubiate in July 2021.

¶5          Dr. Jackson evaluated Zubiate's condition in April 2021, three months after the reported work injury at issue here. Zubiate reported lower back pain going back several years, specifically mentioning a work-related back injury from 2017. She did not relate her pain to the January 2021 work injury. Dr. Jackson's examination found a "disc extrusion at L4-5" and "fluid in the facet . . . that can certainly correlate with a lifting injury." He treated her for a degenerative condition based on her documented medical history and the symptoms she reported. Although Zubiate noticed and called Dr. Jackson as her expert witness, he declined to offer an opinion on the cause of her symptoms at the hearing.

¶6          Dr. Young testified he found no medical evidence of a work injury in January 2021, either in his examination or his review of the medical records, which included Dr. Island's notes.

¶7          The ALJ's award acknowledged that neither testifying doctor attributed the January 2021 injury as the medical cause of her back problems. The ALJ also noted that medical records documented Zubiate's chronic low back pain before January 2021. However, the ALJ found Dr. Island's clinical notes conflicted with Dr. Young's expert testimony and credited the notes as medical causation evidence sufficient to support the claim:

> Notably, the evidence established that Jacquelyn Island, M.D. opined [that Zubiate] sustained an acute lumbar strain as a result of lifting at work on January 3, 2021. . . .
>
> Dr. Island opined [that Zubiate] sustained a work-related lumbar strain on January 3, 2021. . . . [T]he opinions and conclusions of Dr. Island are adopted herein as being most probably correct and well-founded.

¶8          Upon administrative review, the ALJ affirmed the award. The ALJ specified that she based her decision on the "medical report from January 7, 2021, that shows Jacquelyn Island, M.D. examined [Zubiate] and opined [that Zubiate] sustained an acute lumbar strain as a result of lifting at work on January 3, 2021." Bodega and Safety filed this statutory special action, arguing Dr. Island's clinical treatment notes alone cannot sustain the award. Based on the specific facts of this record, we agree.

## DISCUSSION

¶9          In reviewing ICA awards, we do not disturb the ALJ's findings unless the conclusions cannot be "supported on any reasonable

3

theory of evidence." *Phelps v. Indus. Comm'n*, 155 Ariz. 501, 506 (1987). We will not disturb the ALJ's resolution of conflicts in the evidence. *Perry v. Indus. Comm'n*, 112 Ariz. 397, 398–99 (1975). When reasonable evidence exists to support an ALJ's factual determinations, we will not overturn them. *Kaibab Indus. v. Indus. Comm'n*, 196 Ariz. 601, 609 ¶ 25 (App. 2000). Neither will we re-weigh the evidence. *Id.* at 608 ¶ 21. Where the evidence conflicts or when two different inferences may be drawn from the evidence, the ALJ may resolve those conflicts; a reviewing court will not disturb that choice unless it is wholly unreasonable. *Waller v. Indus. Comm'n*, 99 Ariz. 15, 18 (1965).

**¶10**        A work-related incident is not compensable unless it results in an injury. Arizona Revised Statutes § 23-1021; *see Yates v. Indus. Comm'n*, 116 Ariz. 125, 127 (App. 1977) (explaining an injury is not synonymous with an incident). But while establishing an injury is necessary to assert a compensable worker's compensation claim, it is not sufficient. An injury must be accompanied by some loss or expense to be cognizable under worker's compensation law. *Yates*, 116 Ariz. at 128. And when the nature of the injury is not readily apparent to a layperson, a claimant must provide expert medical testimony. *W. Bonded Prods. v. Indus. Comm'n*, 132 Ariz. 526, 527 (App. 1982). Further, although we defer to an ALJ's resolution of conflicts in the evidence, "[e]quivocal or speculative medical testimony is insufficient to support an award or to create a conflict in the evidence." *Hackworth v. Indus. Comm'n*, 229 Ariz. 339, 343 ¶ 10 (App. 2012).

**¶11**        As the ALJ acknowledged, neither Dr. Young nor Dr. Jackson provided any expert medical evidence establishing that Zubiate's January 2021 work injury caused her lower back condition. Instead, the ALJ based her medical causation finding exclusively on Dr. Island's January 7, 2021 medical notes. Because this finding was based solely on documentary evidence, we are not bound by it. *In re Lagunowicz*, 21 Ariz. App. 442, 443 (1974). Nevertheless, we "should not disturb the findings of [a] trial court if they are based on reasonable inferences drawn from the documentary evidence." *Id.* Thus, our inquiry here is whether the ALJ's medical causation inferences were reasonable. We conclude they were not, especially in light of Zubiate's history of back injuries and chronic lower back pain at the time of the injury.

**¶12**        The ALJ infers Dr. Island opined Zubiate's symptoms were caused by the January 2021 work injury. But without more, the clinical notes themselves are at best equivocal as to causation and therefore ambiguous. For instance, the ALJ relied on Dr. Island's notes to find Zubiate had an "acute lumbar strain." But more precisely, Dr. Island's notes state only that

Zubiate had "lumbar strain." They do not designate whether it was an acute or chronic problem. Without more clarity from Dr. Island, the import of this diagnosis is too speculative to support a causation determination of acute injury.

¶13        Further, Dr. Island's notes do not make clear whether the statements associating Zubiate's injury with her lifting heavy boxes at work are Dr. Island's medical opinion that the injury being treated was acute and caused by that activity, or if those statements merely document what Zubiate self-reported. And as we have previously held, a claimant's self-reporting of the nature and cause of their injury—even if repeated by a medical professional—is insufficient to constitute competent expert medical testimony of causation to support an award without a definitive and independent medical opinion verifying that causation. *See Compunnel Software Grp./Cont'l Ins. Co. v. Indus. Comm'n*, 1 CA-IC 21-0037, 2022 WL 872282, at *2 ¶ 9 (App. Mar. 24, 2022).

¶14        The equivocal nature of Dr. Island's notes precludes exclusive reliance on them to establish medical causation. *Hackworth*, 229 Ariz. at 343 ¶ 10. And neither the notes themselves, nor any other evidence in this record provides the necessary foundation to resolve the ambiguity one way or the other. Thus, the ALJ's inference that Dr. Island expressed a causation opinion in her clinical notes is speculative and insufficient to support an award, *id.*, and therefore unreasonable, *In re Lagunowicz*, 21 Ariz. App. at 443.

## CONCLUSION

¶15        Because Dr. Island's January 2021 report is ambiguous, it is insufficient by itself to support a finding of medical causation as to Zubiate's claim. Therefore, the ALJ's award in Zubiate's favor was entered in error. The award is set aside.

